5L 119
3pi 495
4pi 672

· EAST TENN. & VA. R. R. Co. *v.* A. M. SWANEY.

RAILROADS. *Statutory precautions.* A railroad company will not be liable for a failure to comply with the requirements of the statute when a person appears upon the road, if, after such person could have been seen by the lookout, a compliance was impossible.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

Railroad Company *v.* Swaney.

A. H. PETTIBONE, R. M. BURTON and ROBINSON & MALONEY for railroad company.

H. H. INGERSOLL for Swaney.

COOPER, J., delivered the opinion of the court.

In this action by the appellee against the railroad company for injury to his person by a passing train, the charge of the circuit judge. to the jury was, in substance, the same as the charge in the *Railroad Co.* v. *Scales*, 2 Lea, 688, and was held to be erroneous for similar reasons. A petition for a rehearing has been presented by the appellee.

The first ground taken to sustain the application is, that the decision in the *Railroad* v. *Scales* turned upon the construction of the Code, sec. 1169, which is confined to the killing or injury of stock, and has no application to those provisions of the Code which regulate the liability of railroad companies for injuries to persons. It is true that the particular case was for damages to stock, and the opinion necessarily considered the effect of sec. 1169 on the company's liability. It had been argued that this section was more stringent than the sections which preceded it on the same subject, and disclosed a clear intent on the part of the Legislature to make the requirements of the statute more imperative in the case of injury to stock than in the case of injury to the person. But this court said that sec. 1169 must be construed as in *pari materia* with the other sections, and . that the language of that section, when taken as part of the

entire system, might well mean something more than its words literally imported.   The charge of the court below in the Scales case, and the opinion of this court, turned upon the proper construction of the Code, sec. 1166, sub-sec. 5, in connection with sec. 1167, and, in the particular case, in connection with sec. 1169 also.   This is obvious from the clause of the opinion in which Judge Turney commences his comment upon the charge of the circuit Judge.   "The plain meaning of the charge," he says, "is, that at all times and under all circumstances, without regard to how or when the animal or other obstruction might appear upon the road, or to the possibility or impossibility of an active observance of the requirements of the statute by its agents, the railroad company is responsible in damages for an injury to persons and property, where there has been a failure to do any one of the acts embraced in the language of the statute." So, when he comes to the gist of the decision, he says:   "Considering the magnitude and the constant growth of railroads, and the character of machinery necessary for carrying on their operations, and its capacity and liability to work hurt and injury to persons and property, the statute is a proper one, and should rigidly be enforced; but the enforcement should not extend to the exacting of owners the execution of impossibilities."   The rule of impossibility clearly applies to all classes of injury, whether to person or property.

Another position assumed is, that the objectionable part of the charge was immaterial, because of the

want of proof for it to operate on, and it might and should have been omitted. But this point was carefully considered before the cause was decided, and a different conclusion reached. The only evidence touching the circumstances attending the injury to the appellee consisted of his own testimony and that of the engineer on the train. The injury occurred after dark, in a deep cut of the railroad, on a sharp curve. The appellee, as he testifies, was on the railroad track walking in one direction, and the train came upon him moving in the opposite direction, with a good headlight. The appellee says that the train was some fifteen steps from him when he first saw the headlight. His foot slipped on a stone as he attempted to step out of the track, and, although he fell outside of the rails, except one of his elbows and one of his feet, the train was upon him before he could get beyond its sweep. The engineer says that there was no one standing, walking or lying on the track, but he saw a dark · object, "about forty yards or further," on some rock outside of the track, which he supposed was a dark rock on white rock, but, watching it, observed as the cab passed that it was a man, lying lengthwise with the track, and clear of the train.

The argument is, that the engineer saw the appellee in time to use the statutory precautions without doing so, and therefore there is no room for the rule of impossibility. The statute is, "when any person, animal or other obstruction appears upon the road," then the whistle shall be sounded, the brakes put down,

and every possible means employed to stop the train and prevent an accident. If the engineer is to be believed, no person, animal or other obstruction appeared to him, although on the lookout. If the defendant is to be believed, he did not see the headlight of the engine until it was so near that he could not step out of the way until the train was on him. The jury might, it is true, have found, upon a proper charge, that the engineer could or did see the appellee before he saw the headlight, and in time to have used the statutory precautions. But we cannot say that they would have so found. The charge of the court did not allow them to determine the fact for themselves. Under the charge as given, if the jury had found that the appellee was on the track, and could have been seen, no matter for how short a distance, they were compelled to find a verdict against the railroad merely because all the precautions prescribed by the statute were not used, although it may have been impossible to have used them. The jury should have been told, as was said in our former opinion, that the requirements of the statute must be complied with if possible, but that the company would not be liable, if, after the appellee could have been seen on the track by the lookout, provided the jury find that he was upon the track, a compliance was impossible.

A rehearing is refused.