THOS. J. SOMMERS, Adm'r, *v.* MISSISSIPPI & TENNESSEE
RAILROAD COMPANY.

1. RAILROADS. *Suit for damages.* *Burden of proof.* Where, on a trial of
an action against a railroad company for killing the plaintiff's in-
testate, a boy about eight years of age, the testimony tended to show
that the boy was trying to obtain a ride on the train by catching the
bannister of one of the cars, and lost his life by swinging between the
platforms of two of the cars, losing his hold and falling across the
track, it was not error to refuse the following charge: "If the jury
believe from the evidence that the intestate was run over and killed
by a train of cars on the defendant's railroad, then they will find for
plaintiff, unless the defendant has shown by satisfactory affirmative
proof that neither it or its agents or employees were at fault, or were
negligent in causing the death."

2. SAME. *Quere,* whether the law imposes upon a railroad company the
duty of having a brakesman on the platform of the cars, as the train
approaches a depot in a city, to keep off trespassing children, or save
them from accident if they attempt to get on.

3. CHARGE OF COURT. *Instructions asked must be strictly correct.* If special
instructions be asked upon a matter embraced in the charge, the
counsel must see that the instructions are strictly correct.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
county. C. W. HEISKELL, J.

W. M. RANDOLPH for Sommers.

C. F. VANCE for Railroad.

COOPER, J., delivered the opinion of the court.

Action against the railroad company to recover

damages for the killing of William J. Sommers, the plaintiff's intestate. The verdict and judgment were in favor of the defendant, an l the plaintiff appealed in error.

The intestate was a son of the plaintiff, a month and a half under eight years of age, and was cut in two by a passenger train of the defendant on the 25th of November, 1875, about three o'clock in the afternoon. The testimony leaves no doubt that the intestate was trying to obtain a ride on the cars as they came into the depot at Memphis, by catching hold of the bannister of one of the platforms, and lost his life by swinging between the platforms of two of the cars, losing his grip and falling across the rails. There is no reason for disturbing the verdict on the evidence. The errors relied on are in the charge, or in the refusal of the trial judge to give certain special charges as requested.

The main reliance in the court below for a recovery in favor of the plaintiff seems to have been that there was no brakesman on the platform of the car where the accident occurred, and that it was the duty of the company to have a brakesman there for the purpose of keeping off small boys, or at any rate, that if there had been a brakesman present he might have prevented the accident. The charge of the judge was in accord with this view. He said to the jury: "If you believe from the evidence that the train of cars on the defendant's road ought to have had, or did have two brakesmen upon it; that the position of those brakesmen was at or near the brakes on the

platforms when the train was approaching the depot; that from their proper positions the brakesmen could, and probably would have seen any one attempting to get on the steps or platform of the cars, and could have prevented their doing so; and you further find from the testimony that one of the brakesmen was not at his proper place on the platform, and that by reason of his not being there the intestate was enabled to climb and did climb upon the steps or platform of the cars without being seen or observed by any of the defendant's agents or employees, and was thrown or fell therefrom on to, or upon the track of the road, and was run over by the train of cars and killed; then the court instructs the jury to find for the plaintiff."

Whether this charge contains a correct exposition of the law so far as the liability of the railroad company is concerned, of which there may well be grave doubts, we are not called upon to determine. In the attitude in which the case comes before us, the only question is, does it contain any error of which the plaintiff can complain? His learned counsel thought that it did, and requested the judge to give the following special charge, which he refused to do: "If the jury believe from the evidence that the intestate was run over and killed by a train of cars on the defendant's railroad, then they will find for the plaintiff, unless the defendant has shown by satisfactory affirmative evidence that neither it or its agents or employees were at fault, or were negligent in causing the death."

The argument is, that the death being proved, the burden devolved upon the defendant of showing affirmatively that it was not negligent in any respect whatever. And objection is taken to the actual charge as requiring that the testimony should affirmatively show that the brakesman was not at his proper position. Our authorities do hold, in view of the positive requirement of the statutes in certain cases, that when the killing is proved, the *onus* is upon the defendant to show that there was no negligence: *L. & N. R. Co.* v. *Conner,* 9 Heis., 20. And *this* for the obvious reason that in order to show that the statutory requirements were complied with, such as blowing the whistle, putting down brakes, ringing the bell, etc., it was necessary to establish that the company had the machinery to comply with the requirements. There are cases, too, where the occurrence of an injury is *prima facie* evidence of liability, and the burden is shifted accordingly. But the weight of authority seems to be that in the case of an injury to a passenger, it is incumbent upon the plaintiff to prove that the proximate cause of the injury was the want of something which, as a general rule, the carrier was bound to supply, or the presence of something which, as a general rule, the carrier was bound to keep out of the way. Or, as it has been otherwise expressed, the injured party must not only be free from fault, but must prove facts creating a presumption at least of negligence in the company producing the injury: *Federal Street, etc., Ry. Co.* v. *Gibson,* 23 Alb. L. J., 431 (Sup. Ct. Penn.). And the law was so held by

this court where a passenger on a railroad was run over by the train and killed: *Railroad* v. *Mitchell*, 11 Heis., 400.

Be this as it may, no authority has been adduced, or probably can be, which holds that when a trespasser on a railroad train is killed, the burden of liability is thrown upon the company, upon proof of the killing, unless the company can show "by satisfactory affirmative evidence," that neither it nor its agents or employees were at fault. At most, it would be a question for the jury to determine upon the evidence actually introduced. And his Honor, the trial judge, in effect so told the jury in this case. If special instructions are asked upon matters embraced in the charge, the counsel must see that the instructions are strictly correct.

The 2d and 3d special instructions are, in substance, the same, namely, that if the plaintiff's intestate was on the road of the defendant at a point where he could be seen by the lookout, and the statutory requirements for stopping the train were not fully complied with, the jury should find for the plaintiff. The difficulty in regard to these requests is that they are inapplicable to the facts. One of the witnesses did see the plaintiff's intestate cross the track in front of the engine with other boys, the passing being done in an instant, but all of the witnesses agree that intestate remained outside of the track until the engine and baggage car had passed, and one of his playmates saw him swinging from the railing of a passenger car. To have charged as requested would have been useless

or misleading. And the jury, by coming in and asking the court whether, if intestate did not appear on the track, it was necessary to prove that the company complied with the requirements of the statute, show that they found as a fact that he was not on the road so as to be seen by the lookout.

The 4th and 5th instructions asked for were based upon the theory that it was the duty of the railroad company to have a brakesman on the platform of the cars to keep off trespassing children, or save them if they attempted to get on. But if the law imposes any such duty upon a railroad company, as to which we express no opinion, the plaintiff had all the benefit of it to which he was fairly entitled in the charge actually given.

The last special request related to the mode of measuring the damages sustained by the killing. But as the jury have found that the defendant is not liable for damages at all, the court cannot reverse for an error in the charge upon the measure of damages: *Moran* v. *Nashville & Chattanooga R. Co.*, 2 Baxt., 379.

After two trials, the present trial being a year and a half after the commencement of the action, the application for a new trial upon recently discovered evidence must be very strong to succeed. This court would not reverse the action of the trial judge unless in a clear case of error. No such case is shown in this record. On the contrary, we concur with his Honor in his conclusion that it was insufficient. A new trial would, in fact, be productive of useless trouble and expense. Affirm the judgment.