EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD
COMPANY *v.* JOSEPH H. STEWART.

1. EMPLOYER AND EMPLOYE. *Pleadings and practice. Damages. Burden of proof.* In an action by an employe against his employer to re-cover damages for an injury to the plaintiff caused by a defective machine or tool, the burden of proof is upon the plaintiff, and it was therefore error in the trial judge to charge that the burden of proof was upon the defendant to show that the machine or tool was suitable and sufficient.

2. PLEADINGS AND PRACTICE. *Evidence. Burden of proof.* As a general rule, proof of the mere fact of injury will not, without more, estab-lish negligence on the part of the defendant so as to shift the burden of proof.

3. SAME. *Same. Negligence.* The cases in which proof of the injury and that it was caused by the defendant will entitle the plaintiff to recover in the absence of countervailing testimony, are cases in which the evidence that establishes the injury establishes also facts and circum-stances from which negligence on the part of the defendant may be fairly implied.

4. SAME. *Same. Same. Burden of proof.* Where a fireman on a locomo-tive was injured by a jet of steam from an oil cup, which he was in the act of filling, and the proof left it doubtful whether the accident was the result of his own negligence or occasioned by a defect in the cup or its appliances, the case would be within the general rule, not the exception, and the burden of proof would rest on the plaintiff.

FROM SULLIVAN.

Appeal in error from the Circuit Court of Sullivan county. N. HACKER, J.

W. D. HAYNES, N. M. TAYLOR and W. M. BAX-TER for Railroad.

Railroad Company v. Stewart.

C. J. St. John and Thomas Curtin for Stewart.

Cooper, J., delivered the opinion of the court.

Action brought by Stewart against the railroad company for personal injuries. The verdict and judgment were in favor of Stewart, and the company appealed in error. The Referees report that the judgment should be reversed for error in the charge of the trial judge to the jury. Both parties except, opening the whole case.

Stewart was injured in the face and eyes by an explosion of steam and tallow from an oil cup. There are two oil cups on a locomotive, one on each side about the center of the steam chest, and they require to be filled for about every seventy miles of travel. Each cup connects with the steam chest by a pipe, which enters the bottom of the cup and runs up the center, the access of steam being controlled by a stop cock. There is also a waste cock at the bottom of the cup by which its contents may be drained off. When the cups are filled, the steam is first shut off, the waste cock opened, and the top of the cup raised and removed to one side by a yoke working a screw. Stewart had been a fireman on railroad locomotives for two or three years before the injury complained of, and in the employment of the defendant below for at least a year. It was a part of his duty as a fireman to fill the oil cups. The company had the same kind of cup on a number of its engines, and Stewart was, he says, familiar with them, or to use his own words, "knew all about the cup so far as putting in tallow

28—VOL. 13.

was concerned." He had made one trip on the particular engine about ten days before the accident occurred, the oil cups being then all right. On the day of the injury he had filled both cups in the morning before the engine was hot, and could not therefore tell if the oil cups were right. After running about seventy miles the train stopped, and he undertook to fill the cups. He filled the right hand cup finding it all right, and then went to the left hand cup. His statement then is: "I first shut off steam by closing the feed valve (meaning the valve of the steam cock). I then opened the waste cock. I then took off the yoke, but the cap still remained on the oil cup. I tried to remove the cap with my hand, but it was closed tight and could not be moved. I then set my oil can on the left, and stooped over to get a block that was on the engine to knock the cap off the cup. The block was on the right. While I was stooping the cap flew off, and the tallow flew in my face and eyes." The witness adds: "The pee on steam cock must have wasted or leaked. This is all the way I can account for the explosion." The other witnesses say that it is impossible to have an explosion of an oil cup unless the valve is left open, or the steam is escaping because of some defect in the stop cock. It is obvious therefore that the explosion was occasioned either by the negligence of the plaintiff in not properly closing the steam cock, or from some defect in the cock which allowed a sufficient quantity of steam to pass through the tube projecting into the cup. In the latter event, the defect was one which could not

be seen from the outside, but the existence of which could easily have been ascertained by means of the waste cock.

The trial judge charged the jury that: "The burden of proof is on the defendant to show that its oil cup and appliances were suitable, sufficient, etc., under the instructions heretofore given." These instructions were that railroad companies are required to furnish their employes suitable and safe machinery and tools with which to operate, subject to the qualification that the employe takes the risk of defects known to him at the time of employment, or which may afterwards become known, and for the repair whereof no promise has been made by the master after notice. But, as is well said by the counsel of the railroad company, the obligation to furnish safe and suitable machinery is one thing, and the burden of proof when an accident occurs is another and a different thing. And the question presented by the judge's charge, upon the supposition that the injury to the plaintiff below was occasioned by a defect in the oil cup or its appliances, is whether the burden of showing the defect rested upon the plaintiff or not.

The gist of the action, as set out in the declaration, is that the explosion, which occasioned the injuries sued for, was "caused by reason of said oil cup being defective and not kept in proper repair." The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue: 1 Greenl. Ev., sec. 74. "No one," says Mr. Justice Field, "is responsible for injuries resulting from inev-

itable accident whilst engaged in a lawful business. A party charging negligence as a ground of action must prove it": *The Nitro Glycerine Case*, 15 Wall., 524. The presumption of law, moreover, is always in favor of the performance of duty: *Polk* v. *Kirtland*, 9 Heis., 292, 295. And consequently, in a suit between employe and employer for an injury caused by a defective machine or tool, the presumption would be in favor of the employer, and must be overcome by proof *Railroad* v. *Gurley*, 12 Lea, 46, 58. And accordingly in *Railroad* v. *Duffield*, 12 Lea, 63, 71, which was such a case, it was expressly said that the trial judge erred in charging that "the burden of proof is on the defendant to show that it provided the plaintiff with tools and implements safe, suitable and sufficient;" and also erred in refusing to charge, as requested by the company, that "the law presumed that the master had performed the duty the law imposes to furnish safe and suitable machinery, and the burden of proof is on the plaintiff to show that this duty has not been performed."

There are cases in which proof of the injury complained of, and that it was caused by the railroad company will entitle the plaintiff to recover unless rebutted by other testimony. And it is usual to say in such cases that the requisite proof on the part of the plaintiff shifts the burden of proof upon the defendant. It has been repeatedly held in this State that where an injury, either to persons or stock, is shown to have been occasioned by the moving train of a railroad company, it then becomes incumbent on

the company to show that it exercised all the care it was bound to exercise, in doing which it would necessarily establish the sufficiency and safety of its machinery: *Railroad* .v. *Horne*, 1 Cold., 72; *Railroad* v. *Connor*, 9 Heis., 19. So, where the plaintiff's house is proved to have been burned by sparks from the defendant's engine, it devolves on the company to show that the engine was properly constructed, and in good condition: *Burke* v. *Railroad*, 7 Heis., 451; *Simpson* v. *Railroad*, 5 Lea, 456. So, where the plaintiff has established the existence of a nuisance to his dwelling-house by the coal dust arising from the company's coal chutes or boxes, the company must show proper care in the erection and use of the chutes or boxes: *Sallee* v. *Railroad* (manuscript opinion at this term). So, the mere explosion of a steam boiler may justify the jury in finding negligence as an inference of fact: *Young* v. *Bransford*, 12 Lea, 232. The rule is otherwise in the case of injury to a passenger or a trespasser: *Railroad* v. *Mitchell*, 11 Heis., 400; *Sommers* v. *Railroad*, 7 Lea, 204. Unless indeed, in the case of a passenger, the proof which establishes the injury shows also that it was occasioned in a particular manner that in itself would imply negligence: *Curtis* v. *Railroad Company*, 18 N. Y., 543; *Holbrook* v. *Railroad Company*, 12 N. Y., 236. The reason of the rule, therefore, whenever it is applied, is that the evidence which establishes the injury establishes also facts and circumstances from which negligence on the part of the wrong-doer may be fairly implied: 2 Pars. Cont., 224. Or, as it is otherwise expressed, *res ipsa loquitur.*

Railroad Company *v.* Stewart.

The general rule undoubtedly is that the mere fact that the injury happened to the plaintiff will not, without more, amount to evidence of negligence on the part of the defendant: 2 Thomp. on Neg., 1227.. The duty of making out his case is upon the plaintiff, and it is not strictly accurate to say that the burden of proof is shifted to the other side. The proper charge would be that if the jury were satisfied from the proof that the injury had been occasioned by the defendant under such circumstances as to show negligence on the part of the defendant, then they should find for the plaintiff unless the proof further satisfied them that the machinery of the company was in good condition, and up to the present state of the art, so as to prevent as far as possible the happening of such accidents as the one complained of. The liability of the company to an employe would be further limited by the usual qualifications growing out of the relation of master and servant.

The proof in the case before us shows that the plaintiff was injured by a jet of steam from the oil cup. But it also shows that the accident might have been occasioned by the negligence of the plaintiff himself in failing to close the steam cock. The facts and circumstances do not necessarily or fairly carry with them an implication of negligence on the part of the company. To raise the presumption of negligence it should further appear that the injured party was without fault: *Railroad* v. *Walrath*, 38 Ohio St., 461. The burden of proof was upon the plaintiff to show negligence. And his Honor, the trial judge, was in error in charging otherwise.

Railroad Company *v.* Stewart.

Error is assigned upon the admission, over the objection of the defendant, of the deposition of the wife of the plaintiff. The objections now made are that the wife's information about the case was obtained "by virtue, or in consequence of the marital relation," and that her testimony was mere hearsay. The record shows that the plaintiff offered to read the deposition, "to which defendant objected," and the court permitted it to be read. The objection thus made would only go to the competency of the witness: *Miller* v. *State*, 12 Lea, 225, and cases therein cited. The witness was competent to prove facts within her knowledge, and her testimony only inadmissible as to "any matter which occurred between them (husband and wife), by virtue of or in consequence of the marital relation": Act of 1879, ch. 200.

Other errors relied on are not likely to occur upon another trial.

The report of the Referees will be confirmed in accordance with this opinion, the judgment below reversed, and the cause remanded for a new trial.