RAILWAY COMPANY *v.* WILSON.

(*Jackson.* May 21, 1891.

1. RAILROADS. *Observance of statutory precautions required in cities.*

Doctrine re-affirmed that railway companies, though operating their trains over tracks laid in the streets of a populous city, are required to comply strictly with all the precautions prescribed by statute for the prevention of accidents on railroads.

Code construed: §§ 1298–1300 (M. & V.); §§ 1166–1168 (T. & S.).

Case cited and approved: Katzenberger *v.* Lawo. (*Ante, p. 235.*)

2. SAME. *Statutory precautions apply to all moving trains.*

The statutory precautions for prevention of accidents on railroads apply indifferently to all trains impelled by steam-power, whether they are moving backward or forward, or by means of an engine placed in front or rear, or at an intermediate point in the train. But as these precautions can be complied with only when train is moving forward by means of an engine in its front, the railway company's liability for injuries inflicted when train is moving backward, or by means of engine placed elsewhere than in front, is absolute.

Code construed: § 1298 (M. & V.); § 1166 (T. & S.).

3. SUPREME COURT. *Affirms correct judgment, though trial Judge gave insufficient reasons.*

This Court will affirm a correct judgment, rendered by the trial Judge in a non-jury case, although he may have assigned insufficient grounds for his decision, if sufficient reasons for his conclusion appear in the record. For example: If the trial Judge pronounces judgment against a railway company for personal injuries inflicted by its common law negligence, this Court will not reverse, though deeming the

judgment erroneous upon the reason stated, if the company was liable for non-observance of the statutory precautions.

FROM   SHELBY.

Appeal in error from Circuit Court of Shelby County.   W. D. BEARD, Sp. J.

W. G. WEATHERFORD for Railway Company.

JOHN H. WATKINS for Wilson.

SNODGRASS, J.   The defendant in error recovered judgment against the Little Rock and Memphis Railroad Company for $1,500 damages for injuries sustained while drunk and asleep on its track in Fulton Street, Memphis, Tennessee.

The accident occurred at a point about thirty yards north of Market Street, during the night of October 10, 1889, and while the employes of the company were, by means of an engine in the rear of a train of nine cars, pushing the train into the company's yard south of Market Street.   The front car of this train ran over Wilson, causing the loss of one arm and partial loss of the other.

By consent of parties a jury was waived, and the case tried by Hon. W. D. Beard, sitting as special Judge in place of Judge Estes, who was

incompetent. His finding of law and facts, and judgment thereon, were reduced to writing, and so given on demand of parties. They are, in substance and effect, that the railroad company was guilty of negligence, which *proximately* caused the injury, in failing to keep a lookout at some place on the front car of the train, or on the ground, either in front of the car or on the side and so near the road that he could command a view of the road-bed in front of the moving train; that a lookout so placed could have discovered Wilson in time to have prevented the accident, notwithstanding Wilson's negligence in being there; and so the company was responsible for failure to take this precaution, which he held evidenced a lack of reasonable care and prudence.

The plaintiff's negligence was considered in mitigation of damages, and recovery only to amount stated was allowed. The railroad company appealed and assigned errors. It is not necessary to state them in detail, because the determination of one question settles them all, so far as they relate to the judgment on the merits; but there is a preliminary one proper to be noticed. It is that the Court erred in sustaining a demurrer to the second plea because the declaration shows the accident occurred within the limits of the city of Memphis, and therefore the statute to prevent accidents on railroads (M. & V. Code, § 1298) does not apply. This is an erroneous assumption. We have held, in a case at this term, the contrary of this prop-

18—6 p

osition. We repeat the holding here, but content ourselves by a reference to that case without repetition of its argument. *Katzenberger* v. *Lawo, ante p.* 235.

The material question indicated as determining all others involved in the assignment of errors is whether the statute applies to a train in which the engine is in the *rear,* the argument upon this being that the statute provides that the lookout shall be upon the locomotive ahead, and only contemplates the placing of a lookout ahead when the locomotive is leading instead of following the train; and this appears to have been the view of the Circuit Judge, because he did not predicate the liability of the defendant upon the failure to observe the statutory precautions, but upon the non-observance of the common law duty to exercise reasonable care and prudence.

There is, of course, a manifest difference in the situation as respects the view taken of the law to be applied. If the railroad company was liable for failure to observe statutory precautions at all, the burden of proof is on it to show that it did observe them (Code, § 1300); and if it fails to show this, it is liable (Code, § 1299), notwithstanding the negligence of the injured party, which can only go in mitigation. If, however, it was not a case in which the statutory precautions were required to be observed, because of the situation or order of arrangement of the train, then defendant's negligence would have to be shown; and

plaintiff's might be considered in *bar* of the action as at common law—about the only difference which our statute occasions, for we have repeatedly held that its precautions suggested were only those indicated by the wisdom and prudent requirements of the common law in cases where the statute is now applicable. In those cases, however, where it is not applicable the onus of proof remains as it was, and the effect of contributory negligence continues the same as it was at common law. But it is obvious, as has been often held, that if the Court applied the right rule of law it is immaterial upon what consideration it was done. If, then, in fact, the statute applied, the ruling of the Circuit Judge was right to the effect that the plaintiff's negligence did not bar the action, and we must, therefore, determine that question.

The argument that the statute does not apply because the engine was in the rear of the train instead of in front, and that consequently a lookout ahead on the locomotive is dispensed with, proceeds upon the erroneous assumption that if the railroad company, for convenience or otherwise, takes the engine from the front end of a train and uses it in the rear, or at some other place in the train, a lookout is dispensed with in front. This is manifest when we look to the object of the statute. It contemplates an engine in front, with perfect head-light, a bell to be rung, and machinery for blowing the whistle, reversing the engine, and taking the precautions indicated

in the special and general terms of the statute, including, of course, a place for the lookout to be, and an engineer, fireman, or some other person, always there as a lookout. Now, in case the engine had been in front, and its head-light or its machinery for alarm or stopping taken away from it, or the lookout taken off of it, it would not be denied that the company was liable; but because the company had taken not one but all of these things away, the argument is that it escapes statutory liability. Thus stated, it seems perfectly manifest that the proposition is erroneous. Putting it in other words, it is that although the railroad company could not take away *any one* of these and avoid liability, it could take them all away and do so. That the whole includes all of its parts is a proposition not more axiomatic than that all the parts are necessary to make up the whole.

If, therefore, observance of the statute as a whole consists in "keeping an engineer, fireman, or other person upon the locomotive always upon the lookout *ahead*," in order that objects appearing on the track may be discovered and the other precautions taken for which the statute provides, it follows that all these things are necessary to be severally done in order that the whole requirement be complied with. The lookout must be kept *ahead* on the locomotive and the locomotive must, of course, be kept there for him to be upon or he cannot be upon it and kept in the place re-

quired. The keeping of the locomotive there, therefore, is one of the parts of the observance, like all others, absolutely essential to constitute the whole observance. And the same is true as to other things not specifically mentioned as included within the purpose of the statute, and which by construction have been held essential, as a head-light for night use on running trains. So of those things mentioned in the statute and properly belonging to the engine and parts of its machinery, as the whistle and bell. These must be ahead or in front of the train, because it is not contemplated that collisions will occur in the rear. Nor would the statute be met by having a light and a lookout in front while the engine is in the rear. The statute intends not a lookout as a formal matter, but a lookout on the locomotive in front, and the machinery and appliances on it at hand and in immediate control, so that as soon as an object appears the observance of it and the attempts to avoid collision may be prompt and immediate; for, in the great majority of cases, they must be so if they serve any purpose. To have a lookout with a lantern in front watching in a dim light for an obstruction which could be seen only a few feet off, and then signaling an engineer in the rear to ring a bell or blow a whistle far away from the object, and take such precautions as could be then and there done to avoid an accident, would be practically to provide for accidents instead of against them. The man

with the lantern could see, at best, but a short distance, the engineer must take some little time to observe his signal; then, when he does so, if he rings the bell or causes the whistle to be sounded, he is at a greater distance from the object, and alarms may not therefore be so well heard or understood or appreciated. In this case the engine was two hundred and seventy feet from the front of the train. The statute, in making the engineer or fireman or some other person on the locomotive represent a lookout, manifestly contemplates looking, alarming, and acting as practically contemporaneous. It is no more contemplated that the engine, therefore, should be in the rear than that the lookout should. Both must be in front if the statute is complied with.

It may be argued that this is inconvenient; that a railroad company must sometimes back its trains on its track. This may be entirely true, but it proves nothing. The company can do all its running that way if it prefers; the statute does not prohibit it absolutely and at all events. The statute merely makes it liable for any injury inflicted while doing so. If, for reasons of convenience or economy, the company prefers to take the risk, it may do so; but it cannot complain that it suffers the legal consequences of the risk thus taken. Of course it can reduce the risk to a minimum by keeping some one in front of the train, and warning off or actually removing obstructions. If it prevents injury, it prevents loss;

but this it must do if it avoids the consequences of disregarding the statute. Nothing else will answer.

In the present case the company elected to attempt the running of the train in a street without observing the statutory precautions, but in the observance of others which it deemed sufficient. These, however, proved insufficient, and plaintiff's injury was the result of that election and misjudgment. His recovery was the legal consequence. It was made small by properly considering his contributory negligence, and there is nothing in its amount or otherwise of which the . defendant can complain.

Let the judgment be affirmed with cost.