Louisville & N. R. Co. v. Mayers.

LOUISVILLE & N. R. CO. *v.* FLORA E. MAYERS.*

SAME *v.* HOMER FLOWERS.

(*Knoxville.* September.Term, 1922.)

RAILROADS. Absolutely liable under statute for injury by cars pushed by engine.

A railroad company, which was running its train backwards over a highway crossing, with numerous cars being pushed ahead of the engine, so that the railroad was unable to perform the duty imposed upon it by Shannon's Code, section 1574, subsec. 4, requiring some person upon the locomotive always to be on the lookout ahead, is absolutely liable for injuries to persons riding upon an automobile·truck struck by the train.

Cases cited and approved:· Railway Co. v. Wilson, 90 Tenn., 271; Railroad v. Dies, 98 Tenn., 655; Southern Railway Co. v. Owen, 142 Tenn., 1.

Case cited and distinguished: Southern Railway Co. v. Simpson, 131 Fed., 705.

Code cited and construed: Sec. 1574, subsec. 4 (S.).

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

F. E. LAUGHEAD, for appellants.

*As to what places and operations a statute or ordinance requiring lookout on trains apply see notes 25 L. R. A. 287 and 51 L. R. A. (N. S.), 618.

JAMES B. WRIGHT and JOHNSON & COX, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

Two actions for damages brought against the Louisville & Nashville Railroad Company in the circuit court of Knox county. One was brought by the plaintiff below, Flora E. Mayers, as administratrix of Lewis Prater, who was killed on March 28, 1921, in a collision between a backing train of the railroad company and an automobile truck, in which Prater was riding, to recover for his death. The other was brought by Homer Flowers, who was riding in the same truck and injured in the same collision, to recover for the injuries sustained by him.

The declarations in each case contain three counts, and, with respect to the allegations of negligence on the part of the railroad company, the declarations are, in substance, the same. The first two counts in each declaration were based on an alleged failure of the railroad company to observe the requirements of subsection 4 of section 1574 of Shannon's Code, and the third count in each declaration averred that defendant was guilty of negligence under the common law in several specified particulars, which negligence, it is averred, was the proximate cause of the death of Prater, and the injuries suffered by Flowers.

By consent the two cases were tried together before a jury in the circuit court upon issues made by defendant's plea of not guilty filed to each declaration.

At the close of the plaintiff's proof, the court directed a verdict for the defendant as to the common-law counts of the declarations, but at that time overruled defendant's motion for peremptory instructions on the statutory counts.

At the close of the evidence, both plaintiffs and defendant moved for directed verdicts in their favor. The court overruled the plaintiffs' motions, but sustained defendant's motion, and, verdicts being rendered by the jury in accordance with the court's instructions, plaintiffs' suits were ordered dismissed. Whereupon both plaintiffs made motions for new trials, which were respectively overruled.

From the judgments of the court dismissing their suits, both plaintiffs appealed to the court of civil appeals. That court reversed the judgments of the circuit court, and the cases are now before this court upon writ of *certiorari* sued out by the railroad company, and for review.

The court of civil appeals was of the opinion that the trial court was in error in directing verdicts in favor of defendant in said cases, but should have sustained plaintiff's motions for directed verdicts in their favor.

The record discloses that Lewis Prater and Homer Flowers were colored men, employed by the Aluminum Company of America, at Alcoa, in Blount county, on March 28, 1921. On that day they were riding in a large five-ton automobile truck, heavily loaded with cement and fiber plaster, and driven by their "boss," Floyd Peterson, and as the truck was crossing the track of the defendant at a public street crossing in Alcoa it was struck by a backing train of defendant, and Prater was killed and Flowers injured. Peterson, the driver, was also killed, the truck was demolished, and defendant's train derailed.

The collision occurred at the crossing of Hall's road and the defendant's railroad. Hall's Road is a much-used public road in the town of Alcoa. At that point the street runs nearly north and south, and the defendant's track runs nearly east and west, and the street crosses the

track almost at right angles. The truck was moving southward, and the train was moving eastward. The defendant's train was backing; that is, the locomotive was at the rear of the train and was pushing the tender, four box cars and two passenger coaches ahead of it. The passenger coaches were in front, and the truck in which Prater and Flowers were riding was struck by the end of a passenger coach. The train was not engaged in a switching movement, but, as was its custom, was backing along the main track from Armona to Maryville, through Alcoa, a distance of four or five miles. The engineer estimated the distance from his place in the cab of the locomotive to the point of contact between the coach and the truck at two hundred fifty-five feet, and the conductor estimated the distance at three hundred twenty-two feet.

The railroad is straight from the crossing westward for a distance of approximately four hundred feet, and the grade ascends slightly as the track approaches the crossing from the west. The street approaches the railroad from the north on a downgrade of about six per cent. for a distance of about two hundred feet before it reaches the railroad right of way. The street was paved with concrete to the edge of the railroad right of way, but across the right of way it was surfaced with rough, unrolled macadam, except between the rails and two or three feet on each side of the rails, where the railroad company had laid planks or timbers of some sort. At the edge of the right of way on the north side of the railroad, about forty feet from the track, there was a "drop-off" of two or three inches from the concrete to the macadam.

The accident occurred in the daytime, on a cloudy, rainy day, and it was raining some at the time of the collision.

The train was running at a speed of from fifteen to twenty-five miles an hour. The truck slowed down as it approached the edge of the concrete, and moved slowly across the macadam to the railroad track.

After the collision, the truck was pushed along the track by the train for about thirty-eight feet, when the front coach left the rails and the train ran one hundred thirty-two feet further, plowing into the embankment alongside the track before it stopped. The front wheels of the truck were under the front end of the coach when the train stopped. The remainder of the truck was thrown from the track about the time the coach was derailed.

The evidence is undisputed that the truck became an obstruction on the track in front of the train before the collision.

The court of civil appeals reversed the judgments of the circuit court upon the ground that defendant's train, at the time of the collision, was being operated backwards, with the locomotive in the rear, which movement, on its part, rendered defendant absolutely liable for the death of Prater and the injuries to Flowers under the rule announced in *Railway Co.* v. *Wilson,* 90 Tenn., 271, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693, and *Railroad* v. *Dies,* 98 Tenn., 655, 41 S. W., 860.

In these cases it was held that a railroad company, by placing the locomotive in the rear of a train of moving cars, renders a compliance with the statutory precautions impossible, and for that reason its liability is absolute.

It is insisted by counsel for defendant that the rule announced in the case of *Railway Company* v. *Wilson,* and the other case, supra, was modified by the opinion of this court in the recent case of *Southern Railway Co.* v. *Owen,*

142 Tenn., 1, 215 S. W., 270, and that under the holding of the court in that case the operation of a train backwards, or with the engine in the rear, does not necessarily fix absolute liability upon the railroad company for injuries resulting from a collision with such backing train. It is therefore insisted by defendant that it is not precluded from showing a compliance with the statutory precautions prescribed by subsection 4 of section 1574, which was the defense relied on in the suits at bar.

There is a material difference between the facts appearing in the case of *Southern Railway Company* v. *Owen,* supra, and the facts controlling in the suits at bar. In the Owen case the colt belonging to the plaintiff was killed by being struck by the tender of a backing locomotive, while in the suits at bar the train consisted of a locomotive, tender, four box cars and two passenger coaches. The engineer, who testified that he was on the lookout ahead from the locomotive, was from two hundred fifty-five feet to three hundred twenty-two feet from the front end of the train. In the Owen case the proof showed that the engineer was only the length of the tender from the point of contact, and was in as good position to see ahead as he would have been if the locomotive had been moving forward. In other words, the tender did not obstruct the engineer's view any more, if as much, as the locomotive would have obstructed it if it had been moving forward. But it is hardly open to argument that the engineer, who says he was on the lookout ahead at the time of the accident involved in the instant case from two hundred fifty-five feet to three hundred twenty-two feet from the front end of his train, would not be in a position to see and ob-

Louisville & N. R. Co. v. Mayers.

serve the statutory precautions effectively, and as contemplated by the statute.

We think the holding in the Owen case should be confined to its facts, and should not be extended to a state of facts such as we have in the cases at bar. The holding in that case was bottomed on the opinion of Justice LURTON in the case of *Southern Railway Co.* v. *Simpson,* 131 Fed., 705, 65 C. C. A., 563. In that case the court, speaking through Justice LURTON, said:

"Neither the case of *Railroad* v. *Dies,* nor any other Tennessee case, has ever involved the precise question presented by the instruction denied, or required the Tennessee court to decide that the statute was violated whenever an engine was run backwards, without regard. to the circumstances. Confessedly the statute does not in terms require the engine to run either backwards or forwards. A literal compliance with the statute would not under all circumstances be a compliance with its requirements. Thus the statute prescribes, among other things, that some person upon the locomotive shall always be upon the lookout ahead; but if the locomotive be at the rear of the train, or in the middle thereof, the spirit of the statute would not be obeyed, although some person upon the locomotive so situated should be always upon the lookout ahead. In such a situation the lookout upon the locomotive could not be upon the lookout ahead of the train, and the plain purpose of the statute would be evaded. Upon this consideration the Tennessee court held that the statute was not complied with by the operation of a train through the streets of a city by an engine in the rear. *Railway Co.* v. *Wilson,* 90 Tenn., 271, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693."

147 Tenn.—21

By the use of the language above quoted from the opinion of Justice LURTON it appears that the court recognized and approved the rule announced in the Wilson and Dies cases, and it certainly was not the intention of this court, by its holding in the Owen case, to modify or overrule its holding in those cases. We think the instant cases clearly fall within the rule announced in the Wilson and Dies cases, and that the court of civil appeals was correct in so holding.

Its judgment will therefore be affirmed.