# NASHVILLE, CHATTANOOGA & ST. LOUIS RY. v. SMITH.

# NASHVILLE, CHATTANOOGA & ST. LOUIS RY. v. CUSTER.—228 S. W. (2d) 495.

Middle Section.   December 9, 1949.

Petition for Certiorari denied by Supreme Court, March 17, 1950.

46

J. H. Marable, of Tracy City, Walton Whitwell, of Nashville, for plaintiff in error.

D. F. Blackmon and Richard Marshall, both of Nashville, and Jeff D. Fults, of Tracy City, for defendants in error.

HICKERSON, J. Howard P. Smith and Charles Brantley Custer brought these suits against the Nashville, Chattanooga & St. Louis Railway to recover damages for injuries to person and property. They alleged that a truck which they were operating, and in which they were riding, became an obstruction on the track of defendant's railroad at a grade crossing between Sewanee, Tennessee, and Monteagle, Tennessee; and that the defendant failed to observe the precautions required of it by Code, Section 2628 (4), which provides:

"In order to prevent accidents upon railroads, the following precautions shall be observed:

. . . . . .

"Lookout ahead; alarm whistle to be sounded, and all means employed to stop train, when.—Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

Defendant pleaded the general issue of not guilty in each case.

The jury returned verdicts in favor of plaintiffs and judgments were entered thereon. Defendant appealed in error to this court. The cases were tried together below and come to this court upon one transcript of the record.

Two questions are presented for this court to determine: (1) Was the bill of exceptions filed in time? (2) Did the trial judge err in refusing to sustain defendant's motions for directed verdicts?

(1) The cases were tried on November 17, 1948. Motions for new trial were timely filed on November 29, 1948. The court heard argument on the motions for new trial on January 7, 1949, and took the motions under advisement.

An opinion on the motions was, ''Filed on or about February 3, 1949,'' by the trial judge, as follows:
''Smith

v.

Nashville, Chattanooga, & St. Louis Ry. and in the Circuit Court at Tracy City.

Custer

v.

Same

''These cases are before the Court on motions for new trial.

''These motions have had careful consideration and the court is of the opinion that neither of the motions are good.

''They are, consequently, overruled and the defendant is granted an appeal to the next term of the Civil Appeals at Nashville and the time allowed from the

entry of order herein for the perfecting of the same and filing bill of exceptions.

"(S) Alan S. Kelly, Judge."

The trial judge entered identical judgments, except for names and amounts, as of March 14, 1949, based upon his memorandum overruling the motions for new trial. We quote one of these final judgments:

"Charles B. Custer,
                    Plaintiff

    v.

The Nashville, Chattanooga & St. Louis Railway,
                    Defendant.

"Order

"By agreement of counsel for the parties, this cause came on for hearing on the 7th day of January, 1949, before the Honorable Alan S. Kelly, presiding Judge, on defendant's motion for new trial which was seasonably filed in accordance with law and rules of the Court. Upon consideration of said motion, and after argument of counsel for the parties, the Court took decision of same under advisement. Upon further consideration of said motion, the court being of opinion defendant's said motion was not well taken, said Court prepared a memorandum announcing the decision to overrule said motion and to allow the defendant time from the entry of an appropriate order in accordance with said memorandum above referred to, to perfect an appeal to the next term of the Court of Appeals at Nashville and otherwise perfect its appeal and have approved and filed a bill of exceptions. To the action of the Court in overruling defendant's motion for a new trial and to the judgment entered on the verdict of the jury in the case, the defendant then and there excepted and now excepts, and

prayed an appeal in the nature of a writ of error to the next term of the Court of Appeals at Nashville. In accordance with the Court's memorandum filed on or about February 3, 1949, above referred to, said appeal is granted as prayed by the defendant Railway and defendant is allowed 30 days from this date in which to file a cost bond and otherwise perfect its appeal and it is allowed 30 days within which to prepare, have approved, and to file a bill of exceptions.

"It is further ordered that all Exhibits filed in this Court be sent to the Court of Appeals by the clerk of this court in their original form, and copies thereof need not be made. Since the above case was tried jointly with the case of Howard P. Smith against defendant Railway, it is ordered by the Court that only one bill of exceptions and only one record need be furnished and filed by defendant Railway for the purpose of its appeal in said two cases.

"This, the 14th day of March, 1949.

"Alan S. Kelly,

Circuit Court judge."

Plaintiffs contend that the memorandum of February 3, 1949, was a final judgment overruling the motions for new trial. Defendant contends that this paper was only a memorandum and not a judgment for minute entry.

It appears from the record that these orders were signed by the trial judge and marked filed by the clerk on March 14, 1949; but, in some way, not explained, they were not entered until July 20, 1949. On this last date the trial judge advised the clerk to enter these final judgments as of March 14, 1949. Under this situation we shall treat the judgments as if they had been regularly entered on March 14, 1949, as they have been supplied

and are now in the transcript of the record before us. Tennessee Procedure in Law Cases, By Higgins and Crownover, Sections 1721 to 1724, inclusive.

■ It is our opinion that the paper writing of February 3, 1949, was a memorandum by the trial judge and was not intended as the final judgments in the causes. The trial judge placed this interpretation upon his memorandum and he was in better position to know what he meant by the memorandum than anyone would be.

■ A doubt in regard to the right to be heard on the merits in the appellate court should be resolved in favor of the right. Bozeman v. Naff, 155 Tenn. 121, 290 S. W. 981; Standard Oil Company of New Jersey v. Naramore, 30 Tenn. App. 430, 207 S. W. (2d) 7.

■ The bill of exceptions was filed on April 9, 1949, within thirty days of March 14, 1949. It was filed in time. The motion to strike the bill of exceptions is overruled. Code, Sections 8822, 10312; Crane Enamel Company v. Jamison, 188 Tenn., 211, 217 S. W. (2d) 945.

(2) Defendant assigns as error that the trial judge refused to sustain its motion for directed verdicts based upon the ground that there was no evidence to support verdicts.

Plaintiffs' suits were based solely upon the alleged violation by defendant of the provisions of Code, Section 2628 (4), when plaintiff's truck became an obstruction upon the track of defendant.

Failure to observe these statutory precautions fixes absolute liability upon the railroad. Code, Section 2629.

Observance of the statutory precautions exonerates a railroad from liability. Code, Section 2630.

■ Where the statute is applicable, the burden of proof rests upon the railroad company to show affirma-

tively due observance of the required statutory precautions, or that such observance was impossible, without its default, and that it was guilty of no negligence in providing effectual means for the prevention of accidents, and that the accident was unavoidable, in order to avoid liability for damages resulting from the accident. Horne v. Memphis & O. R. Co., 41 Tenn. 72; Nashville & C. R. Co. v. Fugett, 43 Tenn. 402; Smith v. Nashville & C. R. Co., 46 Tenn. 589; Nashville & C. R. Co. v. Smith, 53 Tenn. 174; Burke v. Louisville & N. R. Co. 54 Tenn. 451, 19 Am. Rep. 618; Louisville & N. R. Co. v. Connor, 56 Tenn. 19; Memphis & C. R. Co. v. Smith, 56 Tenn. 860; Louisville & N. R. Co. v. Parker, 59 Tenn. 49; Louisville & N. R. Co. v. Gardner, 69 Tenn. 688; Dillard Bros. v. Louisville & N. R. Co., 70 Tenn. 288; Sommers v. Mississippi & T. R. Co., 75 Tenn. 201; Young v. Bransford, 80 Tenn. 232; East Tennessee, V. & G. R. Co. v. Stewart, 81 Tenn. 432; Little Rock & M. Ry. Co. v. Wilson, 90 Tenn. 271, 16 S. W. 613, 13 L. R. A. 364, 25 Am. St. Rep. 693; Chattanooga Rapid Transit Co. v. Walton, 105 Tenn. 415, 58 S. W. 737; St. Louis, & S. F. R. Co. v. Finley, 122 Tenn. 127, 118 S. W. 692, 18 Ann. Cas. 1141; Tennessee Cent. R. Co. v. Binkley, 127 Tenn. 77, 153 S. W. 59.

Plaintiffs, Howard P. Smith and Brantley Custer, and the engineer and fireman of defendant's engine establish, without controversy, the following facts: The collision occurred at a grade crossing on defendant's railroad between Sewanee, Tennessee, and Monteagle, Tennessee, on March 6, 1947, about five thirty o'clock in the afternoon. It was getting dark. At this point the railroad runs east and west. Defendant's train was approaching this crossing going east. The headlight on defend-

ant's train was in good condition and burning at the time of the accident. There was an extra heavy fog at this place, so it was impossible for plaintiffs or the engineer and fireman on defendant's engine to see more than ten or fifteen feet. Plaintiffs stopped as they approached the track from the north and looked and listened, and they did not see or hear defendant's train. They did not see the engine until it struck them, although the headlight was burning brightly. Because of the fog, the engineer and fireman did not and could not see the truck before they struck it. The engineer and fireman were keeping a careful lookout ahead for obstructions when the accident occurred. The front of the engine struck the truck when it was on the track.

Wherefore, the determinative question is this: When the uncontroverted facts are that the fog prevented the engineer and fireman from seeing plaintiffs' truck until it was too late to observe the statutory precautions provided in Code, Section 2628 (4), should the trial judge have directed verdicts for defendant upon its motions so to do?

█ If plaintiffs' suits were based upon common law grounds, many questions might enter into the case, such as speed of the train, whether proper warning was given under the circumstances, and whether defendant exercised ordinary care in the operation of its train when it was impossible for the engineer and fireman to see in front of the engine. But, as stated, the suits are based entirely upon an alleged violation of Code, Section 2628(4) by defendant when plaintiffs' truck appeared as an obstruction upon defendant's track. If defendant kept a lookout on the engine capable of seeing an obstruction on the track, and the lookout could not

see the truck because of the fog, defendant discharged its full duty under the statute. It is not required to see what could not be seen nor to do what could not be done. Impossibilities are not required of the railroad under this statute; and a suit could not be maintained for violation of the statute under such circumstances unless the impossible situation was created by defendant. Defendant did not cause the fog. East Tennessee & V. R. Co. v. Swaney, 73 Tenn. 119; Louisville & Nashville R. Co. v. Frakes, 11 Tenn. App. 593; Louisville & Nashville Ry. Co. v. Tracey, 12 Tenn. App. 167.

The trial court committed error when he refused to direct verdicts for defendant. The assignment of error is sustained. Judgment will be entered in this court directing a verdict for defendant in each case and dismissing plaintiffs' suits. All costs, including the costs of the appeal, are adjudged against plaintiffs below.

Felts and Howell, JJ., concur.