ARTENBERRY *v.* RAILROAD.

(*Knoxville.* September 27, 1899.)

1. DEMURRER TO EVIDENCE. *Sufficiency of.*

It is not essential that a demurrer to evidence should set out and specify in what particulars the evidence is insufficient to warrant a judgment. It is sufficient to set out the evidence therein in detail, admit its truth, and all proper and legal deductions to be drawn therefrom, and aver generally that no recovery is warranted thereby. (*Post, pp. 267, 268.*)

Cases cited: Hopkins *v.* Railroad, 96 Tenn., 409; Summers *v.* Railroad, 96 Tenn., 459; Corbett *v.* Smith & Co., 101 Tenn., 368.

2. RAILROADS. *Plaintiff's negligence does not defeat statutory action against.*

In actions against railroad companies for injuries resulting from failure to observe the statutory precautions for prevention of accidents, the plaintiff's negligence, though "the direct and proximate cause" of his injury, will not defeat his recovery, but only mitigates the damage. (*Post, pp. 268, 269.*)

Cases cited: Railroad *v.* Foster, 88 Tenn., 672; Patton *v.* Railroad, 89 Tenn., 370.

3. SAME. *Compliance with precautions relieves of liability.*

It is a complete defense to an action for an injury caused by a collision that the railroad company employed every possible precaution and means to prevent the accident, brought about by the plaintiff's negligence. Impossibilities are not required. (*Post, pp. 269–271.*)

Code construed: § 1574 (S.); § 1298 (M. & V.); § 1166 (T. & S.).

Cases cited: Railroad *v.* Scales, 2 Lea, 688; Railroad *v.* Swaney, 5 Lea, 119; Railroad *v.* House, 96 Tenn., 555.

---

FROM GREENE.

---

Appeal in error from Circuit Court of Greene County. H. T. CAMPBELL, J.

J. C. PARK for Artenberry.

SHOUN & SUSONG for Railroad.

CALDWELL, J.  James Artenberry, while attempting to cross the track of the Southern Railway Company, was struck and killed by one of its trains. His widow brought this action to recover damages. The company demurred to the evidence, the Court sustained the demurrer, and she appealed in error.

The substance of the plaintiff's insistence in this Court is that defendant's demurrer to the evidence is insufficient in form, and that the evidence shows a good cause of action; and, hence, that for either and both of these reasons, the judgment of the Court below should have been in her favor.

*First.*—The demurrer is clearly sufficient in form. It sets out in written detail all the testimony introduced by the plaintiff, admits that it and all proper and legal deductions and inferences to be drawn therefrom are true; avers that they present no legal ground for recovery against defendant, and prays that the plaintiff join therein, and that the Court give judgment accordingly. More than this is not required. *Hopkins* v. *Railroad,* 96 Tenn., 409; *Summers* v. *Railroad, Ib.,* 459; *Corbett* v. *Smith & Co.,* 101 Tenn., 368.

It is not essential, as contended by the plaintiff, that a demurrer to evidence should "set out

and specify in what particulars the evidence is insufficient to warrant a judgment." On the contrary, the rule of practice as to that part of the demurrer is fully met, when the pleader avers generally that no recovery is warranted by the testimony adduced and the legitimate deductions and inferences to be drawn therefrom.

*Second.*—At the time of the collision in which the deceased lost his life he was driving a spike team, consisting of a mule and a yoke of oxen, over the defendant's track at a public crossing near the corporate line of the town of Greeneville. He had started from the town to his home in the country, and when one of the defendant's incoming trains sounded its whistle at "the mile post," a few hundred yards from the crossing, he, being about forty or fifty yards from the crossing, rose to his feet in the wagon and whipped his team vigorously with a view of crossing the track before the train should reach that point. Two or three bystanders called to him and urged him not to make the hazardous effort. He gave no heed to the friendly warning, but seemed to urge his team the more; and when the team had passed over and the wagon was on the track the engine collided with the wagon and knocked the deceased about fifty feet away and caused his immediate death.

These facts show great recklessness on the part of the plaintiff's husband, and fully justify the

Circuit Judge's opinion that his negligence "was the direct and proximate cause" of his death; they do not, however, justify the conclusion that the plaintiff has no ground of recovery. Statutory actions, such as this is, are not barred by the negligence of the injured party—the damages otherwise recoverable are only mitigated thereby. *Railway* v. *Foster,* 88 Tenn., 672; *Patton* v. *Railway,* 89 Tenn., 370.

*Third.*—But other proof produced by the plaintiff shows that she has no cause of action.

There was a deep cut on one side of the railroad, which obstructed the view of the deceased and of the fireman and engineer to such an extent that they could not see him and he could not see the train until he was within a few feet of the crossing. He suddenly emerged from this cut with his team in a trot, and went at once upon the track. The alarm whistle was sounded and brakes were put on as soon as the head of the team appeared on the track, but the train was then so near the crossing that it could not be stopped in time to prevent the collision. The alarm whistle was sounded twice in rapid succession, the second blast being unfinished when the engine struck the wagon, and the application of brakes was so prompt and effective as to stop the train in a short distance after passing over the crossing.

These facts disclose a compliance on the part of the defendant with the statutory requirements

as to obstructions upon the track (Code, Sec. 1166,
Subsec. 4; M. & V., Sec. 1298, Subsec. 4; Shannon,
Sec. 1574, Subsec. 4), and constitute a complete de-
fense to plaintiff's action. They show the requi-
site lookout ahead, a prompt sounding of the
alarm whistle, and application of the brakes.
Under the circumstances no other "means" could
have been employed to stop the train and pre-
vent the accident. If anything else could have
been done in an ordinary case, the failure to
do it in this case is excused by the sudden ap-
pearance of the deceased upon the track so near
the train as to render the doing of it impossible.
*Railroad* v. *Scales,* 2 Lea, 688; *Railroad* v. *Swaney,*
5 Lea, 119; *Railroad* v. *House,* 96 Tenn., 555. The
statute calls for the employment of "possible
means" only; it does not require impossibilities.

It is further shown by the plaintiff's proof that
the defendant, up to the time of the accident,
had complied with the other statutory requirement
(Code, Sec. 1166, Subsec. 3; M. & V., Sec. 1298,
Subsec. 3; Shannon, Sec. 1574, Subsec. 3), to sound
the bell or whistle on approaching a town or city
when the train is at a distance of one mile
therefrom, and at short intervals until it reaches
the depot or station. Several witnesses say posi-
tively that the whistle was blown at "the mile
post," and they and others relate facts and cir-
cumstances from which it is natural and reason-
able to infer that the bell was thereafter sounded

Artenberry *v.* Railroad.

at short intervals until the appearance of the team of the deceased upon the track.

It follows that the Circuit Judge rightly sustained the demurrer to the evidence, and the judgment dismissing the suit is affirmed.