## CHATTANOOGA RAPID TRANSIT CO. *v.* WALTON.

### (*Knoxville.* September 29, 1900.)

1. DECLARATION. *Sufficient averment of negligence.*

A declaration in an action for personal injuries is not bad on demurrer assigning that the allegation of negligence is too vague and indefinite, which avers that defendant "did wrongfully and negligently run one of its engines and cars upon, over, and against the plaintiff." (*Post, p. 418.*)

Cases cited: Railroad *v.* Pratt, 85 Tenn., 9; Railroad *v.* Davis, 104 Tenn., 444.

2. SAME. *Evidence of specific defect admissible under general averment of negligence.*

And it is competent to prove, under such general averment of negligence in one count of the declaration, the specific fact that the brakes of defendant's train were defective or out of repair, even though in other counts other specific acts of negligence may be averred omitting this one. (*Post, pp. 418, 419, 426.*)

Cases cited and distinguished: Coal Co. *v.* Daniel, 100 Tenn., 65; Fletcher *v.* Railroad, 102 Tenn., 1.

3. RAILROADS. *Observance of statutory precautions for prevention of accidents required of dummy lines.*

Dummy lines, whether in or outside of a city, are railroads within the meaning and purview of the statutes requiring the observance by railroads of certain statutory precautions for the prevention of accidents. (*Post, p. 422.*)

Code construed: § 1574 (S.); § 1298 (M. & V.); § 1166 (T. & S.).

Case cited: Katzenberger *v.* Lawo, 90 Tenn., 239.

4. SAME. *Not excused from observance of statutory precautions, when.*

In a case where the statute prescribing the observance by railroads of certain statutory precautions for prevention of accidents in the operation of their trains is applicable, it is essential that the railroad company shall show affirmatively due observance of the required precautions, and the burden is

upon it to do so. It constitutes no defense, in such case, if proved that the accident and injury would have occurred even if the precautions had been observed. (*Post, pp. 419–423.*)

Cases cited: Railroad *v.* Burke, 6 Cold., 45; Railroad *v.* Connor, 9 Heis., 26; Hill *v.* Railroad, 9 Heis., 827; Railroad *v.* Smith, 9 Heis., 863; Railroad *v.* Thomas, 5 Heis., 266; Railroad *v.* Foster, 88 Tenn., 678; Railroad *v.* St. John, 5 Sneed, 524.

5. SAME. *Contributory negligence constitutes no defense for non-observance of statutory precautions.*

Contributory negligence of the plaintiff constitutes no defense for a railroad company's failure to observe statutory precautions, but goes only in mitigation of damages. (*Post, p, 420.*)

Cases cited: Railroad *v.* Burke, 6 Cold., 45; Railroad *v.* Smith, 6 Heis., 177; Railroad *v.* Walker, 11 Heis., 385; Simpson *v.* Railroad, 5 Lea, 456; Railroad *v.* Foster, 88 Tenn., 675; Railroad *v.* Connor, 2 Bax., 382.

6. SAME. *What constitutes defense for nonobservance of precautions.*

If it is shown by the railroad company that observance of the statutory precautions was, under the circumstances, impossible, this constitutes a good excuse and defense for non-observance of same, provided it is clear that such impossibility does not arise out of any default of the railroad company. (*Post, p. 421.*)

Cases cited: Railroad *v.* Scales, 2 Lea, 688; Railroad *v.* Swaney, 5 Lea, 119; Railroad *v.* Foster, 88 Tenn., 680; Railroad *v.* Anthony, 1 Lea, 516; Railroad *v.* Selcer, 7 Lea, 559; Hill *v.* Railroad, 9 Heis., 827.

7. SAME. *Burden of proof on railroad company.*

The burden is upon the railroad company to show due observance of statutory precautions, or that such observance was impossible, and that it was guilty of no negligence in providing effectual means for prevention of accidents, and that the accident was unavoidable. (*Post, pp. 421–425.*)

Code construed: ¿ 1576 (S.); ¿ 1300 (M. & V.); § 1168 (T. & S.).

Cases cited: Railroad *v.* Gardner, 1 Lea, 690; Horne *v.* Railroad, 1 Cold., 74; Railroad *v.* Fugett, 3 Cold., 404; Burke *v.* Railroad, 7 Heis., 462; Railroad *v.* Connor, 9 Heis., 21; Railroad *v.* Mitchell, 11 Heis., 400; Dillard Bros. *v.* Railroad, 2 Lea, 296

Chattanooga Rapid Transit Co. *v.* Walton.

Railroad *v.* Stewart, 13 Lea, 432; Railroad *v.* Pratt, 85 Tenn., 9; Railroad *v.* Parker, 12 Heis., 50; Summers *v.* Railroad, 7 Lea, 204; Railroad *v.* Smith, 6 Heis., 177; Railroad *v.* Nowlin, 1 Lea, 525; Railroad *v.* Stone, 7 Heis., 471; Railroad *v.* Logue, 13 Lea, 35; Railroad *v.* Smith, 9 Heis., 864; Simpson *v.* Railroad, 5 Lea, 456.

8. SAME. *Liable though it may not be shown that injury resulted from nonobservance of precautions.*

It is not essential that it shall appear that plaintiff's injury was the result of defendant's failure to comply with statutory precautions to entitle him to recover. It is sufficient if, at time of the accident, the train of defendant was running without compliance with all statutory precautions. (*Post, p. 426.*)

9. CHARGE OF COURT. *As to common law negligence, proper, when.*

It is proper for the Court to charge upon the subject of common law negligence as well as upon statutory negligence, where both are charged in separate counts of the declaration and there is evidence tending to prove each. (*Post, pp. 427, 428.*)

Case cited and distinguished: Railroad *v.* Howard, 90 Tenn., 144.

10. VERDICT. *Supported by evidence, when.*

The facts set out in the opinion are held to support a verdict for plaintiff for $1,200. (*Post, pp. 429, 430.*)

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

PRITCHARD & SIZER for Rapid Transit Co.

W. T. MURRAY for Walton.

WILKES, J. This is an action for damages for personal injuries. There was a trial before the

21 P—27

Court and a jury, and a verdict and judgment for $1,200 and costs, and the transit company has appealed and assigned errors.

It is said the Court should have sustained the. demurrer to the first count in the declaration, which is in substance that it does not . specify any facts or circumstances as the cause of the injury, and is too vague and indefinite to support an action or apprise defendant of the ground of complaint. The allegation in this count is that defendant "did wrongfully and negligently run one of its engines and cars upon, over, and against the plaintiff."

The Court. has heretofore held, in the case of *Railroad* v. *Davis,* 104 Tenn., 444, that such allegation is a sufficient statement of a cause of action.

See, also, *E. Tenn. Co.* v. *Pratt,* 1 Pickle, 9, where the declaration was similar to this, and was treated as good, though no question was made upon its sufficiency.

It is next assigned as error that there is no specific averment in the declaration that the brake on the train was in defective condition and out of order, and in the absence of such averment evidence of such fact is inadmissible. It is true an action cannot generally be maintained by evidence of acts of negligence which are not averred in the declaration, or upon evidence of a specific act different from that alleged in the declaration, as was held in *Coal Co.* v. *Daniel,* 100 Tenn.,

65; *Fletcher* v. *The Railroad,* 102 Tenn., 1; but we think these authorities .are not controlling in cases like the present. Here there is an allegation in the first count that the railroad negligently ran its train over the plaintiff, and this, in the opinion of the Court, is sufficient to let in evidence of any statutory negligence of which the road may have been guilty in so running over him. *E. Tenn. Co.* v. *Pratt,* 1 Pickle, 9.

The statute provides for the sounding of a whistle or bell at every public designated crossing; that an engineer, fireman, or some other person shall be on the locomotive, and always on the lookout ahead, and when any person, animal, or obstruction appears upon the track, the alarm whistle shall be sounded, the brakes put down, and every possible means used to stop the train and prevent an accident. Shannon, § 1574, Subsecs. 1, 2, 3, and 4.

It is further provided that every railroad company that fails to observe these precautions (meaning all of these, *Railroad* v. *Gardner,* 1 Lea, 690, 691) shall be responsible for all damages to person or property occasioned by or resulting from any accident or collision that may occur. Shannon, § 1575. And if the precautions are observed, it shall not be liable. § 1576. And the proof that it has observed these precautions shall be upon the company. § 1576. And by § 1577 it is further provided that, even in cases of kill-

Chattanooga Rapid Transit Co. *v.* Walton.

ing stock or injuring same, the burden of proof that it was unavoidable shall be on the company.

In construing these provisions it has been heretofore held by this Court, in an unbroken line of decisions, that the railroad company is liable unless it can show that these provisions and precautions have been observed, and the fact that the accident or collision would have occurred, had the requirements been performed, will not relieve the company from their performance nor from liability for damages.

It has been said that cases of hardship, or even absurdity, may occur under such construction, but the language is explicit and certain, and capable of being given no other meaning. *L. & N. R. R.* v. *Burke,* 6 Cold., 45-50; *L. & N. R. R.* v. *Connor,* 9 Heis., 26; *Hill* v. *L. & N. R. R. Co.,* 9 Heis., 827; *M. & C. R. R.* v. *Smith,* 9 Heis., 863, 864; *N. & C. R. R.* v. *Thomas,* 5 Heis., 266; *Railway Cos.* v. *Foster,* 4 Pickle, 678.

So strict is the rule that contributory negligence will not excuse their observance, be it ever so gross, but will only go in mitigation of damages. *L. & N. R. R.* v. *Burke,* 6 Cold., 45-51; *N. & C. R. R.* v. *Smith,* 6 Heis., 177; *Railroad* v. *Walker,* 11 Heis., 385; *Simpson* v. *Railroad,* 5 Lea, 456; *Railway Cos.* v. *Foster,* 4 Pickle, 675-680; *L. & N. R. R. Co.* v. *Connor,* 2 Bax., 382.

It is true that impossibilities are not required, and if all is done that should have been done, and the accident was unavoidable, the road will not be liable. *Railroad* v. *Scales,* 2 Lea, 688, 691, 694; *E. T. & V. A. R. R.* v. *Swaney,* 5 Lea, 119; *Railway Cos.* v. *Foster,* 4 Pickle, 680.

But when the impossibility and unavoidableness arise out of the default of the road, the road will still be liable. *Nash. & Chatt. Ry.* v. *Anthony,* 1 Lea, 516; *Railway* v. *Selcer,* 7 Lea, 559.

The plea or defense that all efforts would have been ineffectual, will not protect the road; the injunction of the law is peremptory, and the consequence of a failure is unconditional liability for damage done in cases coming within the statute. *E. T. & Ga. R. R.* v. *St. John,* 5 Sneed, 524-530.

And speculation as to the effect will not be indulged by the Court nor permitted by the road, but the statute demands absolute obedience whether the precautions seem necessary or not. *Hill* v. *L. & N. R. R.,* 9 Heis., 827; *Railway Cos.* v. *Foster,* 4 Pick., 679.

This Court has said, in substance, that it is the duty of all who are engaged in running the train, in whatever department they may be employed, to give the entire energies of their bodies and minds, and to bring into requisition all means at their command, to stop the train as soon as

possible and prevent the accident. *L. & N. R. R. Co.* v. *Connor,* 9 Heis., 22.

And that the road must be able to show not only that the specific precautions were observed, but, in addition, that all possible means were employed to stop the train and prevent the accident; but the company will not be required to perform impossibilities. *M. & C. R. R. Co.* v. *Smith,* 9 Heis., 863; *Railroad Co.* v. *Scales,* 2 Lea, 688.

It is incumbent on the road to show that all the brakes were put down by the express terms of the statute. *M. & C. R. R. Co.* v. *Smith,* 9 Heis., 864; and this rule applies to dummy lines, such as that operated by appellant, whether in or out of the city. *Katzenberger* v. *Lawo,* 6 Pick., 239.

As to the burden of proof being upon the railroad, the statute is very plain and emphatic. It says: "The proof that it has observed said precautions shall be upon the company. Shannon, § 1576. And this means all the precautions enumerated in the statute. *Railroad* v. *Gardner,* 1 Lea, 690.

This is no new rule. It has been uniformly held that when either stock or persons are killed or injured on the track of a railroad, where the statutory precautions must be observed, the burden of proof is upon the company to show that they were observed, and that it was guilty of no negligence, and that the accident was unavoidable;

and this is not a new rule, but the announcement of a common law principle. *Horne* v. *Mem. & Ohio R. R.,* 1 Cold., 74; *N. & C. Ry. Co.* v. *Fugett,* 3 Cold., 404; *Burke* v. *L. & N. R. R. Co.,* 7 Heis., 462; *L. & N. R. R. Co.* v. *Connor,* 9 Heis., 21; *Railroad* v. *Mitchell,* 11 Heis., 400; *Dillard Bros.* v. *L. & N. R. R.,* 2 Lea, 296; *Railroad Co.* v. *Stewart,* 13 Lea, 432; *Railroad Co.* v. *Pratt,* 1 Pick., 9.

It is only incumbent on the plaintiff to prove the injury by collision in the first instance, and when this is done the statute throws upon the company the burden of excusing itself, which it can do only by showing a compliance with the statutory precautions, and when this is attempted the plaintiff may show otherwise, and also rebut the testimony of defendant company as to the accident itself. *L. & N. R. R. Co.* v. *Parker,* 12 Heis., 50.

When the killing or injury is proved, in order that the company may show a compliance with the statute and remove the presumption of negligence, the onus and necessity is upon it to show that it had the means to be thus employed; in other words, that it not only did what the statute requires as to sounding the bell or whistle, and having some person on the lookout ahead, but that its road, its machinery and equipments, are according to the present state of the art, or in reasonable conformity thereto. *L. & N. R. R.*

*Co.* v. *Connor,* 9 Heis., 22; *Summers* v. *The Railroad,* 7 Lea, 204; *Railroad* v. *Stewart,* 13 Lea, 426.

To illustrate: It has been held that the lookout ahead must have good eyesight, and must occupy a position to enable him to see ahead to the best advantage. If it is night time, the engine must be supplied with the best headlight the state of the art affords. *N. & C. R. R. Co.* v. *Smith, Adm'r.,* 6 Heis., 177; *N. & C. R R.* v. *Nowlin,* 1 Lea, 525; *L. & N. R. R.* v. *Stone,* 7 Heis., 471; *Mem. City Ry. Co.* v. *Logue,* 13 Lea, 35. And it must be shown that the brakes were put down. *M. & C. R. R.* v. *Smith,* 9 Heis., 864.

So when a house is burned by sparks it is incumbent on the road to show that the engine and fire apparatus was properly constructed and in good condition. *Simpson* v. *The Railroad,* 5 Lea, 456; *Railroad* v. *Stewart,* 13 Lea, 437.

A cogent reason for holding that a general allegation of negligent injury is sufficient to let in proof of statutory negligence, is that the plaintiff cannot be presumed to know, or required to find out, the exact or specific cause of the negligence of the road, nor in what particular it consisted, whether the machinery was defective or the employee was careless, or in what feature the negligence consisted; while the railroad must, from the

very nature of the case, have the information and means of showing that its machinery was in proper condition, and that it did all it could to stop the train and prevent the accident.

While this is the rule as to the burden of the proof, and the necessity of the road to show its machinery, roadbed, and equipment in proper condition, we do not understand or mean to say that it is incumbent on the company to take up every part and parcel of its train, item by item, and in all its details, and show them all to be in proper condition and up to the art, and that in the first instance a general statement made by a competent party that the machinery and equipment and roadbed was in proper condition may not be sufficient if unchallenged. Still, that does not preclude the plaintiff from challenging the correctness of the statements as to any of the items, and when so challenged it is the duty of the road, and the onus is on it, to show all that the statute requires.

Nor are we called upon to state all that is embraced in the requirement that "every possible means shall be employed to stop the train and prevent an accident." This requirement must be read and construed in view of the facts, circumstances, and surroundings of each particular case.

Here, the specific objection is not that the onus or burden of proof was placed on the road to

show its machinery in proper order, but that any proof was allowed to be introduced by the plaintiff to show defect in the brakes or other apparatus.

Under the first count, charging negligence generally, it was clearly competent to show such negligence as a defective brake, even though in other counts of the declaration other specific acts of negligence may have been enumerated, and that may have been omitted. There can be no doubt but that under the statute it is one of its requirements that the brakes shall be put down, and it would be but a mockery to hold that it must be shown that the brakes were put down, but could not be shown that they were in defective condition or entirely missing. The statute clearly requires not only that the train be fully and properly equipped with proper machinery, including specially brakes, but also that the company show that they are in proper condition, and promptly and properly applied, and all these things it is incumbent on the road to show in order to establish a compliance with the statute.

It was not error in this connection to charge that if the brakes and other apparatus were defective, or the road failed to observe any other statutory requirement, its liability would be absolute, even though the plaintiff might not be able to show that the accident or injury was caused by the specific defect or default proven.

It is said that it was error in the Court to give any charge upon the neglect of common law negligence, because there was no evidence in the case to call for it, and the case of *Railroad* v. *Howard,* 90 Tenn., 144, is cited as in point. The Howard case holds, in substance, that when the ground of liability is clearly made out upon grounds of statutory negligence, then it is improper and confusing to the jury to give any charge upon the subject of common law negligence. In that case there was an absence of evidence of common law negligence, so that the charge was uncalled for. But there may be statutory and common law negligence at the same time and in the same instance, and the third count of this declaration alleges common law negligence, so that evidence upon that feature was admissible. A charge upon this feature was proper, as there was evidence tending to show that there were obstructions to the view along the line of the road to within a short distance of this crossing, and that the train was being driven at a high rate of speed. Upon this latter point there is a conflict of statement, but the conflict is more apparent than real, as the facts stated in regard to the distance to be traversed by the train within a given time, and the number of stops to be made in that time, show that the speed of the train was about forty-five miles an hour.

The question we are now considering is not

whether the rate of speed was in fact reckless, but, Is there evidence which would justify the Court in submitting the question of common law negligence to the jury? If so, the jury must look to all the circumstances, the situation of the parties, the topography of the premises, the obstructions near the track, and from all these and other circumstances determine the question whether the road exercised the proper care and caution in running the train at the time and place of the accident.

It is said there is no evidence to support the verdict. We think there is evidence from which the jury would have been warranted in finding that the brakes upon the train were defective, and some evidence that a stop might have been made before the injury occurred if they had been in proper condition. The testimony as to the condition of the brakes is meager, and though it is made by the employees of the road on cross-examination, it is not so satisfactory as to good condition as to convince the jury that there were no defects. It appears that the plaintiff was driving his milk wagon up to this crossing, and that when within about fifteen feet of it he checked his team—some of the witnesses say stopped—and looked in the direction from which the train was coming, and saw no train, and only heard the alarm whistle at the time he was upon the track. The jury, from the proof, might reasonably have

inferred that the engineer could have seen the plaintiff earlier than he did, or could have sounded the alarm whistle more promptly. The team was entirely across the track, and only the wagon was upon it when the collision occurred. It appears that the train ran 300 feet after the collision before it was stopped, while the engineer states that running at the proper rate of speed it ought to have been stopped in 200 feet. It appears that when the accident occurred the conductor ran to the platform and attempted to apply the hand brake. Now, while this shows diligence on his part, on the other hand the jury may reasonably have inferred from it that he knew the air brakes were defective, as the hand brake was of no importance when the air brake was in proper order.

It is said the verdict and judgment are excessive. The plaintiff, it is evident, received a very violent blow; he was knocked more than 100 feet by an engine going at a high rate of speed; he was rendered unconsicious for some time, suffered quite a cut upon his head, his nose was mashed, and he was bruised and the skin broken in many places. One side of his face appears to be paralyzed, as the result of the accident. He was confined to his bed for some three months, and the actual expenses for services, medical and otherwise, was about $200. He says that he feels that he is permanently injured and unfit for labor. It appears that he was a robust and

Chattanooga Rapid Transit Co. *v.* Walton.

healthy man before the accident, but afterwards was weak and unable to work.

In this connection it is said that he was guilty of contributory negligence which should have abated his recovery. Whether the jury did abate anything upon this view of the case we cannot know. The evidence is conflicting as to how far the plaintiff could have seen the approaching train. Some experiments were made by other persons to determine this question after the accident, but they led to no very satisfactory results.

Upon a review of the whole case we think there is no error in the record, and the judgment of the Court below is affirmed with costs.