TENNESSEE CENTRAL RAILROAD COMPANY *v.* ALEX
BINKLEY.*

(*Nashville.*   December Term, 1912.)

1. RAILROADS. Declaration sufficient to give defendant notice
that suit for personal injuries is based on its nonobservance
of statutory precautions.

A declaration in an action against a railroad company for personal
injuries resulting to plaintiff by being struck by defendant's
moving train, which alleges that "the defendant carelessly and
negligently ran one of its engines and trains upon, against, and
over plaintiff, whereby he was crushed, mangled, bruised," etc.,
without specifically charging defendant's failure to observe the
statutory precautions, is sufficient to give the defendant notice
that the suit is based on its failure to observe the statutory
precautions prescribed and required by section 1574 of Shannon's
Code, in the operation of trains. (*Post, pp.* 80, 81.)

Code cited and construed:  Sec. 1574 (S.); sec. 1298 (M. & V.);
sec. 1166 (T. & S. and 1858).

Cases cited and approved:  Railroad v. Pratt, 85 Tenn., 9; Railroad v. Davis, 104 Tenn., 442; Rapid Transit Co. v. Walton, 105 Tenn., 415; Railroad v. Crews, 118 Tenn., 64.

2. SAME. Must observe statutory precautions, though person on
the track be drunk and asleep.

A railroad company is required to observe or comply with the
statutory precautions prescribed for the operation of trains, even
where a person is drunk and asleep on its track, and for its
failure to do so, it is liable for the injuries to such person resulting from being struck by its train. (*Post, pp.* 81-88.)

Code cited and construed:  Secs. 1574-1576 (S.); secs. 1298-1300
(M. & V.); secs. 1166-1168 (T. & S. and 1858).

*On the question of the duty to avoid injury to persons in helpless position on track, see note in 69 L. R. A., 523.

Railroad v. Binkley.

Acts cited and construed:   Acts 1853-54, ch. 33; Acts 1855-56, ch. 94.

Cases cited and approved:   Railroad v. Burke, 6 Cold., 50; Hill v. Railroad, 9 Heisk., 323; Railroad v. Wilson, 90 Tenn., 271.

Case cited and overruled:   Railroad v. Abbott, MS., September Term, 1909.

Cases cited as falling under the common law and not under the statute:  See opinion, page 82.

Cases cited as falling within the application of the statute:   Railroad v. St. John, 5 Sneed, 526; and other cases in the opinion, page 83.

3. SAME.  Plaintiff's contributory negligence mitigates, but does not bar, damages resulting from being struck by train without observance of statutory precautions.

The contributory negligence of a person injured by being struck by a moving train operated without the observance of, or compliance with, the statutory precautions and requirements to prevent accidents, does not bar all damages, but goes only in mitigation of the damages.  (*Post, p. 86.*)

Cases cited and approved:   Railroad v. Foster, 88 Tenn., 676; Patton v. Railroad, 89 Tenn., 378; Artenberry v. Railroad, 103 Tenn., 269; Rapid Transit Co. v. Walton, 105 Tenn., 419.

4. SAME.  Same.  Recovery for personal injuries must be the damages mitigated by degree of contributory negligence of injured person.

Where there is contributory negligence on the part of the person injured by being struck by a moving train operated without the observance of, or compliance with, the statutory precautions and requirements to prevent accidents, the measure of the recovery should be the amount of the damages sustained, so reduced or mitigated that the amount recovered will be a just demand, considering the degree or extent of the contributory negligence of the injured party; and the determination of the amount of the recovery is for the jury, subject to the supervisory power of the trial and appellate courts to prevent excessive damages.  (*Post, p. 86.*)

Railroad v. Binkley.

Cases cited and approved: Railroad v. Burke, 6 Cold., 50; Hill v. Railroad, 9 Heisk., 823; Railroad v. White, 5 Lea, 540; Railroad v. Foster, 88 Tenn., 676; Railroad v. Wilson, 90 Tenn., 271; Artenberry v. Railroad, 103 Tenn., 270.

5. SAME. Evidence is stated and held to be sufficient to support verdict based on nonobservance of statutory precautions.

In an action for injuries to a person by being struck by a moving train, the evidence is stated, and *held* to be sufficient to support a verdict based upon the fact that the train was operated without observing the statutory precautions for the prevention of accidents on railroads. (*Post, pp.* 88, 89.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— THOMAS E. MATTHEWS, Circuit Judge.

WALTER STOKES and JOHN R. AUST, for railroad.

W. H. WASHINGTON and J. G. LACKEY, for Binkley.

---

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

Binkley recovered judgment in the circuit court of Davidson county for $500 against the railroad company, and, on appeal, the judgment was affirmed by the court of civil appeals; and the cause is before us on the petition of the Railroad Company for writs of *certiorari* and *supersedeas.*

The action was for damages and was based on this state of facts:

About 8:10 a. m. on February 20, 1910, Binkley, who had been drinking the night before and during that morning, was sitting on the end of a cross-tie on the railroad track of the defendant at a point within the city limits of Nashville, near the Hermitage Elevator and beyond the Shady Lane crossing. It is clearly to be inferred from the proof that, while so sitting, he either fell asleep or was so intoxicated as to be unaware of the dangers of his position; for, while so situated, one of defendant's engines, pulling a train of twenty-eight cars, came along the track, and struck and seriously injured him.

The action is predicated on the negligent operation of this train, and the failure of the defendant to observe the precautions required by section 1574, and its subsections, of Shannon's Code. The declaration does not specifically aver the failure to observe these precautions, but it did aver that:

"The defendant carelessly and negligently ran one of its engines and trains upon, against, and over plaintiff, whereby he was crushed, mangled, bruised," etc.

This court has held averments the same in substance as the above to be sufficient to give the defendant notice that the suit is based on its failure to observe the precautions required by the statute, and that such declaration was good notice to the defendant to come to trial "prepared to show that it had neither done, nor omitted to do, any act which the law," both before and after the

passage of the statute, made negligence. *E. T. Va. & Ga. R. R. Co.* v. *Pratt*, 85 Tenn., 9, 1 S. W. 618; *Railroad* v. *Davis*, 104 Tenn., 442, 58 S. W., 296; *Chattanooga Rapid Transit Co.* v. *Walton*, 105 Tenn., 415, 58 S. W., 737; *Railroad Co.* v. *Crews*, 118 Tenn., 64, 99 S. W., 368.

Petitioner made three assignments of error in this court, but, as we understand them, they present only two questions:

First. Was the defendant entitled to the following special instruction which it requested the trial judge to give at the conclusion of the general charge, and which was refused? The special instruction is as follows:

"If you find plaintiff went upon the railway track while under the influence of whisky, or in an intoxicated condition, and should find that the train of defendant company ran against and injured plaintiff without observing all the statutory precautions, which I have explained to you, and you should further find that at the time the train ran against the plaintiff the plaintiff was drunk or asleep on the railway track, then, in such case, the plaintiff could not recover more than nominal damages; that is to say, one cent or one dollar."

The right of the defendant to the foregoing special instruction depends upon the proper construction of section 1575 of Shannon's Code, which is as follows:

"Every railroad company that fails to observe these precautions or cause them to be observed by its agents and servants shall be responsible for all damages to

127 Tenn.—6

persons or property occasioned by, or resulting from, any accident or collision that may occur. (1855-56, ch. 94, sec. 9.)"

This section must be construed *in pari materia* with section 1574 and its subsections 1 to 4, inclusive, to section 1576 of Shannon's Code, inasmuch as these three sections of Shannon's Code are carried into that Code from sections 1166, 1167, and 1168 of the Code of 1858, and constitute part and parcel of a general scheme of legislation, which should be looked to *in toto* when any part is under construction. This legislation in the Code of 1858 had appeared in part in chapter 94, Acts of 1855-56.

Our cases construing this legislation are numerous. Into one clearly marked class fall those in which it has been held that this legislation did not apply, and that the rights of the parties could only be worked out by an application of the common law. Some of these are: *Railroad Co.* v. *Feathers,* 10 Lea, 103; *Holder* v. *Railroad Co.,* 11 Lea, 176; *L. & N. R. R. Co.* v. *Robertson, Adm'r,* 9 Heisk., 276; *Haley* v. *M. & O. R. R. Co.,* 7 Baxt., 239; *N. C. & St. L. R. R. Co.* v. *Seaborn,* 85 Tenn., 391; 4 S. W., 661; *Cox* v. *Railroad Co.,* 1 Shan. Cas., 475; *Railroad Co.* v. *Pugh,* 95 Tenn., 421, 32 S. W., 311; *Railroad Co.* v. *Rush,* 15 Lea, 150; *Bradley* v. *Railroad Co.,* 14 Lea, 377; *Taylor* v. *Railroad Co.,* 93 Tenn., 307, 27 S. W., 663.

Another, and equally well-marked, class are those held to be within the application of the statute, and some of these are:

Railroad v. Binkley.

*L. & N. R. R. Co.* v. *Burke, Adm'x,* 6 Cold., 50; *Hill v. L. & N. R. R. Co.,* 9 Heisk., 823; *L. & N. R. R. Co.* v. *Conner, Adm'x,* 9 Heisk., 26; *M. C. R. R. Co.* v. *Smith,* 9 Heisk., 861; *N. & C. R. R. Co.* v. *Thomas,* 5 Heisk., 264; *Railroad Co.* v. *Foster,* 88 Tenn., 676, 13 S. W., 694, 14 S. W., 428; *Railroad Co.* v. *Scott,* 87 Tenn., 494, 11 S. W., 317; *Railroad Co.* v. *House,* 96 Tenn., 555, 35 S. W., 561; *Railroad Co.* v. *Dies,* 98 Tenn., 659, 41 S. W., 860; *Artenberry* v. *Railroad Co.,* 103 Tenn., 270, 52 S. W., 878; *Railroad Co.* v. *Howard,* 90 Tenn., 150, 19 S. W., 116; *Railroad Co.* v. *Wilson,* 90 Tenn., 271, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693; *Railroad Co.* v. *White,* 5 Lea, 540; *Railroad Co.* v. *Scales,* 2 Lea, 689; *Railroad Co.* v. *Swaney,* 5 Lea, 119; and *Chattanooga Rapid Transit Co.* v. *Walton,* 105 Tenn., 415, 58 S. W., 737.

The present case, upon its facts, falls clearly within the operation of this legislation. We do not understand a contrary insistence to be made. The right of defendant to the special instruction already set out is urged mainly upon the authority of an unreported *per curiam* opinion of this court delivered at its September term, 1909, in the case styled *C., N. O. & T. P. R. R. Co.* v. *Alexander Abbott, Adm'r,* from the Scott county law docket. The opinion of the court in that case fully warranted the special charge already set out which was properly requested, but refused by the circuit judge, and the important question now presented is whether we will adhere to or overrule the opinion in the *Abbott Case*

The declared purpose of the legislature in the passage of the sections of the Code of 1858 already referred to was "to prevent accidents on railroads," and, pursuant to that purpose, it prescribed certain named precautions to be observed. These appear in section 1574, Shannon's Code, and its subsections, and, in addition to those named, it added in concluding subsection No. 4, of section 1574, words which mean that, when any person, animal, or other obstruction appears upon the road, every possible means shall be employed to stop the train and prevent an accident, but it is to be noted that each and all of the precautions (except those required of overseers of public roads by the first subsection of section 1574) are required to be observed by the railroad employees in the operation of engines and trains. No correlative duty to observe any precautions whatever to carry out the purpose of this legislation is laid upon him whose "person, animal, or other obstruction appears upon the road;" for, by the terms of section 1575 of Shannon's Code, if he or his property be injured by a collision, the railroad company is made responsible for all damages, in the event of the failure on the part of the railroad company to observe or cause to be observed the precautions required. Section 1576, Shannon's Code, grants to the railroad immunity from any damage done to person or property on the road where it has observed the required precautions, but imposes upon it the burden of proving that it has observed them.

It has always been the public policy of this State, recognized by the legislature and this court, to require of

railroad companies in operations of the kind to which this legislation applies the observance of every possible precaution to avoid accidents and injury to others.

Such was its policy before the Code of 1858, and before the Act of 1855-56, ch. 94, as was evidenced by the Act of 1853-54, ch. 33, by which railroad companies were made, liable for all stock killed or damaged by them, except in cases where the owners placed or caused it to be placed on the railroad for the purpose of having it killed or injured, and, with the exception stated, this act made the company liable absolutely, and without regard to the care and caution used by them, as was stated in the opinion of this court in *E. T. & Ga. R. R. Co. v. St. John,* 5 Sneed, 526, 73 Am. Dec., 149. That was a case where a negro slave eight years of age was killed by a train while he was lying on the railroad track, asleep. This court, speaking through Judge Caruthers, said in substance:

"In such cases as this we think it not too strong to require the utmost care and diligence as charged by the court."

And it was further said in that case as to the proper attitude of the courts toward such companies that:

"While, on the one hand, the courts should protect them with a strong hand against unjust demands and injuries to their property, which popular prejudice may favor or inflict, on the other, the security of life and property requires that they should be held to a strict, careful, and skillful performance of all the duties imposed upon them by law."

By repeated published opinions of this court it is now well settled that in a case where the statutory precautions apply, founded on the failure to observe them, and in which they have not been observed, any contributory negligence of the injured party can only have the effect of mitigating the damages sustained. *Railroad Co.* v. *Foster,* 88 Tenn., 676, 13 S. W., 694, 14 S. W., 428; *Patton* v. *Railroad Co.,* 89 Tenn., 378, 15 S. W., 919, 12 L. R. A., 184; *Artenberry* v. *Railroad Co.,* 103 Tenn., 269, 52 S. W., 878; *Chattanooga Rapid Transit Co.* v. *Walton,* 105 Tenn., 419, 58 S. W., 737.

And by the same cases and others it is also well settled that, however gross such contributory negligence in such a case may be, it will not operate as a bar to the right of the injured party to recover some damages. Evidently, then, the measure of the recovery should, in such a case, be the amount of the damages sustained, so reduced or mitigated that the amount recovered will be a just demand, considering the degree or extent of the contributory negligence of the injured party. The determination of what sum should be recovered in such a case is a question of fact for the jury, and should be submitted to them under proper instructions upon the law applicable to the facts of such case.

The supervisory power of the trial and appellate courts over verdicts of juries under our practice is ample protection against injustice or excess. The mere fact that a man is drunk and asleep upon a railroad does not justify the servants of the company in failing to observe for his protection such or all of the required

Railroad v. Binkley.

precautions as may be possible under the circumstances. Indeed, his helpless condition, whether drunk or asleep, necessitates a greater degree of care for his protection. Drunk though he be, or asleep though he be, so long as he is alive, he is an integral part of a public for the protection of which the statutes were passed.

These statutes, as we have seen, voice the policy of that public, and are binding upon this and all other of its courts. For them the statutes are mandate and declare the law. Mere arguments based on the principles of the common law, which applied before the passage of the statutes, as to what the law should be, are wholly beside the mark; for the statutes tell us what it is, and thus cut off debate.

In cases falling within the operation of these statutes this court has repeatedly held railroad companies liable for damages where the contributory negligence of the party injured was very gross. Some examples are as follows:

In *L. & N. R. R. Co.* v. *Burke, Adm'r,* 6 Cold., 50, the injured person was lying upon the track, motionless, and there was evidence tending to prove that he was drunk at the time he was injured.

In *Hill* v. *L. & N. R. R. Co.,* 9 Heisk., 823, the injured party was drunk and walking on the track toward the engine.

In *Railroad Co.* v. *Foster,* 88 Tenn., 676, 13 S. W., 694, 14 S. W., 428, the party injured was walking upon the railroad track, and was overtaken by a freight train and struck and injured.

In *Artenberry* v. *Railroad Co.*, 103 Tenn., 270, 52 S. W., 878, the person, when injured, was attempting to cross the railroad track in front of an oncoming train.

In *Railroad Co.* v. *Wilson*, 90 Tenn., 271, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693, the person injured was at the time drunk and asleep on the track.

In *Railroad Co.* v. *White*, 5 Lea, 540, the person injured was lying outside of, but close to, the rails of the track with his head between the ends of the cross-ties. While in this position, he was struck and injured by a passing train. His injuries were not fatal, but a judgment in his favor for $1,000 was affirmed by this court.

It is not for us at this late day to declare a new public policy for the State, or, by construction, to emasculate the statutes which have so often been recognized by this court as declaratory of that policy.

In this view of the question, we think the action of the circuit judge was correct in declining to grant the special charge requested, and this conclusion overrules the per curiam opinion in the *Abbott Case*.

The second question presented is that there was no evidence to support the verdict of the jury. If the jury credited the evidence on behalf of plaintiff, it was warranted in finding from that evidence that between the point where the engineer could first have seen the plaintiff sitting on the track and the latter point was a distance of one-half mile, and between the two points the track was straight and without obstruction to the view of the engineer.

Railroad v. Binkley.

In conflict with this evidence was that introduced by the defendant to the effect that the view of the engineer was obstructed by a fog between the engine and the plaintiff, and that plaintiff could not be seen until the engine reached a point within a hundred feet or less in distance from where the plaintiff was sitting.

The jury evidently gave credit to the evidence on behalf of the plaintiff. We think it is clear from the proof that the jury might well have concluded from all the evidence that the engineer and those servants of the company in charge of the train did not observe all of the precautions required by the statute which it was possible for them to have observed. Such was the inevitable conclusion, if the jury believed the evidence on behalf of the plaintiff, and did not credit the conflicting evidence on behalf of the defendant, and, in this view of the case, there was clearly some evidence to support the verdict.

Let the petition for *certiorari* be dismissed, and the judgment of the court of civil appeals affirmed.