CINCINNATI, N. O. & T. P. RY. CO. v. CRAIG.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1913.)

No. 2,379.

RAILROADS (§ 400*)—LIABILITY FOR INJURY TO PERSONS ON TRACK—KEEPING LOOKOUT.

Evidence in an action to recover for the death of children killed by a train on defendant's railroad *held* to justify the court in refusing to direct a verdict for defendant on the ground that those in charge of the engine used every possible means to stop the train as soon as the children appeared as an obstruction on the track, and so brought defendant within the protection of Shannon's Code Tenn. § 1574, subd. 4, and to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. § 400.*

Care required of railroads as to trespassers on or near track, see note to Louisville & N. R. Co. v. Womack, 97 C. C. A. 566.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action at law by J. B. Craig, administrator of Eva and May Craig, against the Cincinnati, New Orleans & Texas Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Horace M. Carr, of Harriman, Tenn., for plaintiff in error.

J. C. J. Williams, of Huntsville, Tenn., and Cassell & Harris, of Harriman, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. The intestate children of defendant in error were struck and killed by the locomotive engine of plaintiff in error, and recovery had under consolidated action. The meritorious question presented by the motion to direct verdict is whether it appears by substantially undisputed testimony that those in charge of the engine used every possible means to stop the train as soon as the children appeared as an obstruction on the track, and so brought the defendant within the protection of the Tennessee Precautions Act (Shannon's Code, § 1574, subd. 4).

Giving to the testimony a construction most favorable to plaintiff, we think it would tend to support a conclusion that the children should have been seen 400 to 500 feet ahead of the engine, but that they were not in fact seen, and therefore no attempt made to stop the engine, or to give the statutory warnings, until they were but 175 feet away.

The judgments are accordingly affirmed, with costs.