## CALLAWAY v. CHRISTISON.

### No. 9907.

Circuit Court of Appeals, Sixth Circuit.

March 26, 1945.

James H. Anderson, of Chattanooga, Tenn., for appellant.

Harry Berke, of Chattanooga, Tenn. (Berke & Fleming, of Chattanooga, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

This appeal is from a judgment entered upon a verdict in favor of appellee. Appellant contends that his motion for peremptory instructions and for judgment non obstante veredicto should have been sustained.

On the morning of June 11, 1942, between 6:30 and 7 o'clock, appellee, driving a Ford car westwardly along 29th Street in Chattanooga, drove onto a railroad crossing where the car was struck and practically demolished by the front of the engine of appellant's south-bound passenger train. One Keel, riding with appellee, was instantly killed, and appellee was injured.

The complaint, styled a declaration, charged that appellant as operating trustee of the Central of Georgia Railway Company, violated Section 2628(4) of the Code of Tennessee (Williams' Code), which provides as follows: "(4) Lookout ahead; alarm whistle to be sounded, and all means employed to stop train, when.—Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident. (Ib., sec. 8; 1857-58, ch. 44, sec. 3.)"

Section 2629 of the same Code further provides: "2629 1575 (1167). Failure to observe precautions; and responsibility therefor.—Every railroad company that fails to observe the above precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to person or property occasioned by, or resulting from, any accident or collision that may occur. (1855-56, ch. 94, sec. 9.)"

And Section 2630 provides that: "2630 1576 (1168). Observance of precautions prevents liability; burden of proof.—No railroad company that observes, or causes to be observed, these precautions shall be responsible for any damage done to person or property on its road. The burden of proof that it has observed said precautions shall be upon the company.. (Ib., sec. 10.)"

At the outset we point out that in considering a motion for peremptory instructions made by defendant in a case based upon an alleged violation of Sec. 2628 (4) we are not concerned with contributory negligence (Tennessee Cent. Railroad Co. v. Binkley, 127 Tenn. 77, 86, 153 S.W. 59), nor with whether nonobservance of the statute was the proximate cause of the collision. Railroad Co. v. Davis, 104 Tenn. 442, 450, 58 S.W. 296; Illinois Cent. Railroad Co. v. Sigler, 6 Cir., 122 F.2d 279, 284. Our primary question is, whether there was substantial evidence that appellee's car appeared "upon the road" in front of the moving train or so near thereto as to be an obstruction; and the burden was upon appellee to establish this fact, or at least to adduce substantial evidence tending to show it. Cincinnati, N. O. & T. P. R. Co. v. Brock, 132 Tenn. 477, 479, 178 S.W. 1115; Cincinnati, N. O. & T. P. R. Co. v. Wright, 133 Tenn. 74, 80, 179 S.W. 641; Virginia & S. W. R. Co. v. Hawk, 6 Cir., 160 F. 348. There was substantial evidence from which a jury might correctly conclude that the car appeared upon the track as an obstruction. It is uncontroverted that appellee had driven onto the crossing and had almost cleared it when his car was struck by the engine about the center of its rear right fender. Upon such a showing the burden shifted to appellant to show that he had observed the statutory precautions set out in Sec. 2628(4) or at least such of them as would have been most effective to avert a collision. Southern Railroad Co. v. Brooks, 125 Tenn. 260, 265, 143 S.W. 62. See Sec. 2630, supra.

It has been repeatedly held by the Supreme Court of Tennessee that the provisions of the statute are imperative and mandatory and require absolute obedience and this is true regardless of whether compliance appears to be either necessary or effective to prevent an accident. Hill v. Louisville & N. Railroad Co., 9 Heisk., Tenn., 823; Railway Co. v. Foster, 88 Tenn. 671, 679, 13 S.W. 694, 14 S.W. 428. If it fails to appear by substantially undis-

puted evidence that appellant observed the precautions required of him, it necessarily follows that his motion for peremptory instructions was correctly denied. Cincinnati, N. O. & T. P. R. Co. v. Craig, 6 Cir., 209 F. 50.

It is clear enough that the statute was observed in so far as it requires "the engineer, fireman or some other person" to be "always upon the lookout ahead; * * *". The engineer and fireman were both upon the lookout, but the engineer at his place on the right of the engine, could not see the car as it entered upon the track from the left side, for two reasons,—first, because of the obtuse angle formed by the street and the track; and second, because of the intervening boiler or front of the engine. In such a situation, the fireman, at his place on the left side of the engine, must be upon the lookout (Nashville & C. R. Co. v. Nowlin, 1 Lea, Tenn., 523) and he is charged with seeing what he should have seen in the exercise of due care and diligence. Chattanooga Rapid Transit Co. v. Walton, 105 Tenn. 415, 58 S.W. 737; Felton v. Newport, 6 Cir., 105 F. 332, 335. In other words, in such a situation the fireman was charged with seeing appellee's car when it became an obstruction or within striking distance of the train.

The fireman, a witness for appellant, testified that he was in his seat and on the lookout and that he saw the car a little while before it got to the crossing; that it was not running very fast but that it came right on in front of the train and as soon as he saw that it was not going to stop he "hollered" to the engineer, "Look out, there's a car." On cross-examination he testified as follows:

"X46. About how much of the front end of the car was over the track when you hollered? A. When I hollered it had run up in front of the engine, by the time I hollered.

"X47. How much of the automobile had crossed the first track before you hollered? A. He had his front wheels up on the track by the time I hollered.

"X48. In other words, when the front wheel was on the first track then is when you hollered to the engineer? A. Yes, sir."

He further testified that he waited until the engine was within five feet of the car before he "hollered," because when he first saw the car he thought it was going to stop. There is evidence, contradictory to that of the fireman, to the effect that when the car came upon the track the engine was 15 or 20 feet away, and Fred Lawing, a witness for appellee, testified that the automobile got on the track before the train got there. It clearly appears that the front of the car was within striking distance of the engine before its front wheels were over the track or rail, and when the fireman saw this, it was his duty under the statute, to act immediately. He should not have waited. The statute does not brook the slightest speculation. Graves v. Illinois Cent. Railroad Co., 126 Tenn. 148, 163, 148 S.W. 239, and numerous cases cited therein. In Collins v. East Tennessee, V. & G. Railroad Co., 9 Heisk., Tenn., 841, 852, the Supreme Court of Tennessee, speaking with reference to this statute, said: "The injunctions of the Law upon the defendant were *imperative and peremptory*. The consequence of disregarding them, say this Court, in numerous cases, is *absolute and unconditional liability. The Statute makes no exceptions, and tolerates no excuses.*"

A jury might reasonably conclude that when the front of the car came within striking distance, or as it is sometimes stated, "within the sweep of the train," the failure of the fireman immediately to warn the engineer was a violation for which liability followed.

The engineer testified that when the fireman notified him he applied the emergency brakes instantly, and that if the fireman had "hollered" sooner he would have applied the brakes sooner. He estimated that the car was within 15 or 20 feet of the front of the engine when the fireman gave the alarm; that he himself saw the car before it was struck and that the front end of it was part of the way across. He thought that the car had stopped and that if it had kept going it would have cleared the track for it was struck about the rear wheel. He further testified that when he put the brake valve into emergency, it applied the brakes on the entire train and that this was all he could do.

The testimony of the engineer, standing alone, tends to show that he had discharged his full duty; that he had done all that he could do "to stop the train and prevent an accident"; but appellant's difficulty is that the testimony of the engineer is contradict-

ed by substantial evidence. One witness for appellee, sitting on the porch of her nearby home and facing the crossing, testified that she saw and heard the collision and that the car stopped or almost stopped before it was hit and the train ran into the side of it; that she was familiar with the noise made by the application of brakes on a railroad train and that the brakes were not applied before the collision. Lawing testified that he had a clear view of the accident and that it appeared to him that the car was almost clear when the motor stalled; that he also was familiar with the noise a train makes when the brakes are applied; that he did not hear them applied and that if they had been he thinks he would have heard them.

From our viewpoint the facts were for the determination of the jury upon consideration of the evidence. We cannot say as a matter of law that the statutory precautions were observed after the car appeared as an obstruction. There was substantial evidence that they were not and we think that the denial of the motion for perempotry instructions was proper.

Appellant makes the further contention that the car appeared so suddenly upon the track that a compliance with the precautions was impossible and that therefore the statute had no application. The briefs do not say so, but this contention, inconsistent with the claim that the statute was complied with, is based upon the cases of Nashville, C. & St. L. R. Co. v. Seaborn, 85 Tenn. 391, 4 S.W. 661, and Chesapeake & N. Ry. v. Crews, 118 Tenn. 52, 99 S.W. 368, and from our viewpoint the contention is not supported by such substantially undisputed evidence as would justify a directed verdict. Whether it was impossible to observe the statute would depend upon distance, speed and other factors.

Appellant finally contends that he was entitled to peremptory instructions because there was no evidence that he was operating the railroad, or that the engineer and fireman were his servants. The point lacks merit and does not so affect any substantial right of appellant as to justify a reversal. See Title 28, Sec. 391, U.S.C.A. In their own construction of the pleadings the parties never regarded this feature as an issue. In his third defense, appellant admitted that the train was his and in his amended answer he made the averment that he complied with subsection (4) of Sec. 2628 of the Code of Tennessee by observing the statutory precautions therein provided.

The judgment is affirmed.